**George VILLEGAS; Bob Poelker; Marcelo Orta; Don Derosiers, Plaintiffs—Appellants,**

v.

**CITY OF GILROY; Gilroy Garlic Festival Association, Inc.; D. Bergman, in her individual capacity, Defendants—Appellees.**

No. 02–16923.

D.C. No. CV–01–20720–JW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 2, 2003.

Decided March 11, 2004.

Randolph M. Hammock, Esq., Richard M. Lester Law Offices, Canoga Park, CA, for Plaintiffs–Appellants.

Mark Strombotne, Strombotne Law Firm, San Jose, CA, Gregory Simonian, G. Martin Velez, Esq., Clapp, Moroney, Bellagamba and Vucinich, Daly City, CA, Defendants–Appellees.

Before LEAVY, PAEZ, and BERZON, Circuit Judges.

MEMORANDUM *

George Villegas, Bob Poelker, Marcelo Orta, and Don Derosiers (collectively "Villegas") appeal the district court's dismissal of their complaint. We have jurisdiction under 28 U.S.C. § 1291. Because the defendants' motions to dismiss should have been treated as motions for summary judgment, we reverse. The facts and prior proceedings are known to the parties, and are restated herein only as necessary.

Villegas sued the City of Gilroy, the Gilroy Garlic Festival Association, and Officer D. Bergman under 42 U.S.C. § 1983 and California state law, alleging, *inter alia*, deprivation of First Amendment

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

rights to freedom of speech and association. Officer Bergman was never served and is not a party before this Court. The City of Gilroy and the Gilroy Garlic Festival Association separately moved to dismiss for lack of federal jurisdiction, arguing that there was no "state action" and, therefore, no federal jurisdiction. Each attached declarations to its motions. Neither mentioned the Federal Rules of Civil Procedure, let alone cited an applicable rule. Villegas responded in writings opposing the motions to dismiss, but did not submit any additional evidentiary materials.

When ruling on the motions the district court cited cases decided under both Fed. R.Civ.P. 12(b)(1) and 12(b)(6), but considered the defendants' declarations. The district court dismissed the § 1983 claims, and remanded the remaining state law claims.

The district court's dismissal, if appropriate, should have been for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See Bell v. Hood,* 327 U.S. 678, 682, 66 S.Ct. 773, 90 L.Ed. 939 (1946); *Bollard v. Cal. Province of the Soc'y of Jesus,* 196 F.3d 940, 951 (9th Cir.1999) ("Any non-frivolous assertion of a federal claim suffices to establish federal question jurisdiction, even if that claim is later dismissed on the merits under Rule 12(b)(6).").

Under Rule 12(b)(6), because the district court relied on information contained in the declarations filed in support of the defendants' motions, it should have treated the motions as motions for summary judgment, so informed the parties, and given Villegas a reasonable opportunity to present material in response to such a motion. *See* FED. R. CIV. P. 12(b); *United States v.*

*Ritchie,* 342 F.3d 903, 907–08 (9th Cir. 2003).

REVERSEsD AND REMANDED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-

cation and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.