**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jair De Jesus ALVAREZ–RAMIREZ, Defendant–Appellant.**

**No. 04–30265.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2005.[*]

Decided Feb. 10, 2005.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Helen J. Brunner, Esq., Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Jair De Jesus Alvarez–Ramirez, Milan, NM, pro se.

Before: FERNANDEZ, GRABER, and GOULD, Circuit Judges.

## MEMORANDUM **

Jair de Jesus Alvarez–Ramirez appeals pro se the district court's order denying his motion for return of seized property. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *see United States v. Ritchie*, 342 F.3d 903, 906 (9th Cir.2003), and we affirm.

■ Appellant filed his motion for return of seized property under 28 U.S.C. § 2465. However, he is not eligible for relief under section 2465 because appellant did not receive a forfeiture judgment against the government. *See* 28 U.S.C. § 2465(a). Accordingly, appellant's motion is more properly considered as a motion for return of property, under Fed. R.Crim. Pro. R. 41(g).

■ Because a default judgment was entered over four years ago, appellant is not entitled to an Rule 41(g) equitable remedy. *See United States v. Elias*, 921 F.2d 870, 873–75 (9th Cir.1990).

AFFIRMED.[1]

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The government's request for judicial notice is granted.

