ALPHA III, INC., a California Corporation; et al., Plaintiffs–Appellants,

v.

CITY OF SAN DIEGO; et al., Defendants–Appellees.

No. 04–56482.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 8, 2006.

Decided June 29, 2006.

Jessica Lew, Esq., William J. Davis, Esq., Davis & Company, P.C., Los Angeles, CA, for Plaintiffs–Appellants.

Deborah Smith, Esq., Heidi A. Wierman, Esq., City Attorney's Office, San Diego, CA, Alexander F. Wiles, Michael H. Strub, Jr., Sandy Chung, Irell & Manella, LLP, Los Angeles, CA, for Defendants–Appellees.

Before: REINHARDT and TROTT, Circuit Judges, and ROBART, District Judge.*

MEMORANDUM **

Appellants (collectively, "Alpha III") appeal the district court's order dismissing their amended complaint with prejudice. We affirm.

---

* The Honorable James L. Robart, United States District Judge for the Western District of Washington, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Alpha III sued the City of San Diego ("the City") and the remaining appellees (collectively, "Boston Capital") under the Fair Housing Act of 1968 ("FHA"), 42 U.S.C. § 3601–3631. Alpha III's claims arose from its role in a partnership developing "Fox Hollow," a low-income housing complex sited in San Diego's City Heights neighborhood. Alpha III alleged that the City and Boston Capital engaged in a series of acts that violated the FHA, culminating in Alpha III's removal from the partnership.

The district court held that most of Alpha III's claims were untimely, and that the Noerr–Pennington doctrine immunized the appellees from liability for the remaining claims. The district court therefore granted the appellees' motions to dismiss under Fed.R.Civ.P. 12(b)(6).

We conduct *de novo* review of the district court's dismissal under Rule 12(b)(6). *Ventura Mobilehome Cmtys. Owners Ass'n v. City of San Buenaventura,* 371 F.3d 1046, 1050 (9th Cir.2004). We limit our review to the operative complaint, documents to which the complaint refers, and judicially noticeable facts. *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir.2003). We accept all well-pleaded allegations in the complaint as true, and take all inferences from those allegations in the light most favorable to Alpha III. *Watson v. Weeks,* 436 F.3d 1152, 1157 (9th Cir.2006).

■ We first conclude that the district court properly applied the Noerr–Pennington doctrine to claims arising from Boston Capital's state court lawsuit against Alpha III. Alpha III alleges that Boston Capital brought the suit in retaliation for Alpha III's attempt to develop low-income housing at Fox Hollow. In *White v. Lee,* 227 F.3d 1214, 1232 (9th Cir.2000), a panel of this court considered the scope of Noerr–Pennington immunity from an FHA claim,

and held that a lawsuit "amount[s] to a discriminatory housing practice" only if, among other things, it is "objectively baseless." We take judicial notice of the state court's written opinions and final judgment, which reveal that Boston Capital prevailed on virtually all of its claims against Alpha III. The state court's rulings establish, as a matter of law, that Boston Capital's lawsuit was not "objectively baseless." Alpha III's appeal of the state court lawsuit does not lead us to a different conclusion.

Having dispensed with the possibility that liability arose from the state court lawsuit, the district court correctly concluded that Alpha III's remaining allegations were untimely. Alpha III brought this action on March 4, 2004. To plead an FHA violation within the two-year statute of limitations, Alpha III needed to allege the "occurrence or the termination of an alleged discriminatory housing practice" on or after March 4, 2002. 42 U.S.C. § 3613(a)(1)(A). It did not.

■ The core acts for which Alpha III seeks damages undisputedly occurred more than two years before it sued. By the end of the summer of 2001, Alpha III was no longer a member of the Fox Hollow partnership. Even crediting Alpha III's allegations that the City and Boston Capital violated the FHA in removing it from the partnership and in the acts leading up to that removal, Alpha III did not sue in time.

We also reject Alpha III's attempt to resuscitate its untimely allegations by recasting them as a "continuing violation" or as a "pattern-or-practice" of discrimination. The Supreme Court's decision in *Havens Realty Corp. v. Coleman,* establishes the contours of such claims under the FHA. 455 U.S. 363, 380–81, 102 S.Ct. 1114, 71 L.Ed.2d 214 (1982).[1] Under *Ha-*

---

1. The district court considered Alpha III's

"continuing violation" theory under *National*

*vens,* a party can meld untimely and timely acts into a single timely claim only if, at a minimum, the timely acts injure the same FHA-protected right as the untimely acts. *See id.* at 381, 102 S.Ct. 1114. In this case, the untimely acts were acts of retaliation against Alpha III (in violation of 42 U.S.C. § 3617) or acts of discrimination against the putative residents of Fox Hollow (in violation of 42 U.S.C. § 3604) that injured Alpha III because it was deprived of revenue from Fox Hollow. Even construing Alpha III's complaint with the required deference, we find no retaliation against Alpha III during the limitations period. We also find no act of discrimination during the limitations period that injured Alpha III.[2] We therefore conclude that Alpha III did not plead a timely "continuing violation" of the FHA or a timely "pattern-or-practice" claim.

**AFFIRMED.**

*Railroad Passenger Corp. v. Morgan,* 536 U.S. 101, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002), after concluding that *Morgan* limits the continuing violation doctrine expressed in *Havens.* Assuming that *Morgan* applies here, we find no error in the district court's application of its holding to Alpha III's amended complaint. However, because the Court in *Morgan* had no occasion to consider an FHA claim or the holding in *Havens,* we apply

*Havens.* Because we reach the same result as the district court, we need not decide if *Morgan* limits *Havens.*

2. Although Alpha III alleges that it continued to suffer injury during the limitations period, its allegations establish that its injuries resulted either from the state court lawsuit or from conduct preceding the limitations period.