
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-55993 |
| Plaintiff - Appellee, | D.C. No. 2:04-cv-06586-GHK-SS |
| v. | |
| FRANK S. CLEMENT, AKA Frank Clement, | MEMORANDUM[*] |
| Claimant - Appellant, | |
| And | |
| 4820 HEAVEN AVENUE, WOODLAND HILLS, CALIFORNIA, the premises known as, and several other premises searched, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
George H. King, Chief Judge, Presiding

Submitted July 22, 2014[**]

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:     GOODWIN, CANBY, and CALLAHAN, Circuit Judges.

Frank S. Clement, a California state prisoner, appeals pro se from the district court's judgment dismissing his motion seeking return of his personal property. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *United States v. Mills*, 991 F.2d 609, 612 (9th Cir. 1993). We vacate and remand.

Because no criminal proceedings were pending against Clement when he filed his motion, the district court improperly construed Clement's motion as one for return of property pursuant to Federal Rule of Criminal Procedure 41(g). *See United States v. Ritchie*, 342 F.3d 903, 906-07 (9th Cir. 2003); *see also United States v. Ibrahim*, 522 F.3d 1003, 1007 (9th Cir. 2008) (stating that where "there were no criminal proceedings pending at the time of filing, the district court properly treated the [Rule 41(g)] motion as a civil complaint"). Accordingly, we vacate and remand.

On remand, the district court is free to consider Clement's motion, as he requests, in the context of the district court's March 2003 order, or as a civil complaint seeking equitable relief, *see, e.g.*, *Ibrahim*, 522 F.3d at 1007. We express no opinion as to the correct course of action.

Appellee shall bear the costs on appeal.

**VACATED and REMANDED.**

12-55993