**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: ) | BAP No.   CC-13-1505-KuPaTa |
| VICTOR ORLANDO RIVERA, ) | Bk. No.   13-14646 |
| Debtor. ) | Adv. No.   13-01650 |
| _____ ) | |
| VICTOR ORLANDO RIVERA, ) | |
| Appellant, ) | |
| v. ) | **MEMORANDUM**[*] |
| MORTGAGE ELECTRONIC REGISTRATION) SYSTEMS, INC.; OCWEN LOAN ) SERVICING, LLC; WELLS FARGO ) BANK N.A., Trustee for Soundview) Home Loan Trust 2007-OPT1, ) Asset-Backed Certificates, ) Series 2007-OPT1, ) | |
| Appellees. ) | |
| _____ ) | |

Argued and Submitted on November 20, 2014
at Los Angeles, California

Filed – December 23, 2014

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Vincent Zurzolo, Bankruptcy Judge, Presiding

Appearances:     Appellant Victor Orlando Rivera argued pro se;
Robert W. Norman, Jr. of Houser & Allison, APC,
argued for appellees Ocwen Loan Servicing, LLC and
Wells Fargo Bank N.A., as Trustee for Soundview
Home Loan Trust 2007-OPT1, Asset-Backed

[*]This disposition is not appropriate for publication.
Although it may be cited for whatever persuasive value it may
have (see Fed. R. App. P. 32.1), it has no precedential value.
See 9th Cir. BAP Rule 8013-1.

Certificates, Series 2007-OPT1; Stefan Perovich of Keesal, Young & Logan argued for appellee Mortgage Electronic Registration Systems, Inc.

---

Before: KURTZ, PAPPAS and TAYLOR, Bankruptcy Judges.

**INTRODUCTION**

Debtor Victor Orlando Rivera filed a chapter 13[1] bankruptcy case and an adversary proceeding seeking to derail nonjudicial foreclosure proceedings pending against his residence. Rivera's complaint identified the defendants, including Wells Fargo Bank N.A. as trustee for a mortgage securitization trust, as the parties responsible for the foreclosure proceedings. In support of his challenge to the foreclosure proceedings, Rivera alleged that Wells Fargo and its agents were not legally entitled to foreclose. According to Rivera, Wells Fargo's asserted foreclosure rights were based on an invalid assignment of a deed of trust.

With certain exceptions not applicable here, California law does not permit a borrower in default to challenge pending nonjudicial foreclosure proceedings by seeking an advance judicial determination of the foreclosing party's right to foreclose. Accordingly, we AFFIRM the bankruptcy court's Civil Rule 12(b)(6) dismissal of Rivera's adversary proceeding.

---

[1]Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. All "Civil Rule" references are to the Federal Rules of Civil Procedure.

**FACTS**

Rivera refinanced his home in Los Angeles, California in February 2007 by executing a $875,000 note and a deed of trust in favor of Option One Mortgage Corporation. Option One thereafter conveyed its rights as beneficiary under the deed of trust to Wells Fargo, as the trustee for a mortgage securitization trust. This conveyance is documented by an assignment of deed of trust dated December 27, 2007, and recorded in the Official Records of Los Angeles County on February 22, 2008.

Rivera's complaint did not dispute that he had fallen behind on his loan payments and that he was in default on the loan. In fact, at oral argument, Rivera confirmed that, after his 2007 refinancing, he made only two or three monthly loan payments and that he has not made any loan payments for roughly the last seven years. Based on his default, Rivera indicates, Wells Fargo and its agents caused nonjudicial foreclosure proceedings to be commenced against his residence. In furtherance of these proceedings, Rivera alleges, Wells Fargo or its agents recorded a notice of default, a substitution of trustee, a notice of trustee's sale and other documents. Rivera did not attach copies of these foreclosure documents as exhibits to his complaint, but they are referenced therein and are attached to other adversary proceeding filings.

The complaint, which Rivera filed pro se, is difficult to understand as a whole. At times, it is incomprehensible. It contains no distinct claims for relief, but instead generally relies on phrases irregularly disbursed throughout the body of the document – phrases like "declaratory relief," "quiet title,"

3

"fraud table," and "Robbo [sic] Signature." Even so, the complaint in essence alleged that the foreclosure documents should be set aside and the defendants enjoined from further pursuing foreclosure because the assignment of the deed of trust to Wells Fargo was invalid and, hence, Wells Fargo and its agents had no right to foreclose.[2]

Several of the defendants filed motions to dismiss Rivera's complaint. Among other things, the defendants pointed out that California law generally permits nonjudicial foreclosures to proceed without requiring the foreclosing party to first prove in a judicial action that they are entitled to foreclose.

At the hearing on the dismissal motions, Rivera confirmed that his complaint sought to attack the foreclosure proceedings by challenging the right of Wells Fargo and its agents to foreclose:

> THE COURT: . . . it seems that Mr. Rivera is attempting to challenge a foreclosure sale and he is asserting that somehow the Defendants involved in this motion to dismiss, Ocwen Loan Servicing and Wells Fargo Bank, are not -- do not have the legal authority to conduct the foreclosure sale.
>
> MR. RIVERA: Exactly.

Hr'g Tr. (Sept. 26, 2013) at 7:14-19.

---

[2]On appeal, Rivera apparently claims that his loan obligations were somehow satisfied, and he points to two documents entitled "Full Reconveyance" as supporting his claim. However, the reconveyance documents on which Rivera relies, one dated in 2006 and the other dated in 2007 do not reflect the satisfaction of the secured loan that is the subject of the foreclosure proceedings Rivera currently is challenging. Rather, the reconveyance documents indicate that Rivera paid off prior secured loans by refinancing his home.

4

In ruling on the dismissal motions, the bankruptcy court in relevant part adopted the defendants' argument that California law generally does not permit borrowers to challenge nonjudicial foreclosure proceedings by seeking an advance judicial determination of the foreclosing party's right to foreclose.

The bankruptcy court also expressed concern that Rivera's bankruptcy case appeared to suffer from numerous serious deficiencies and that Rivera appeared to have filed bankruptcy solely for the purpose of filing an adversary proceeding challenging the foreclosure proceedings.

Based on these circumstances, the bankruptcy court entered an order on October 24, 2013, dismissing Rivera's complaint without leave to amend and dismissing the entire adversary proceeding with prejudice. Rivera timely filed a notice of appeal.

**JURISDICTION**

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (O). We have jurisdiction under 28 U.S.C. § 158.

**ISSUE**

Did the bankruptcy court err when it dismissed the claims for relief stated in Rivera's first amended complaint?

**STANDARD OF REVIEW**

We review de novo the bankruptcy court's Civil Rule 12(b)(6) dismissal. Barnes v. Belice (In re Belice), 461 B.R. 564, 572 (9th Cir. BAP 2011).

**CIVIL RULE 12(b)(6) STANDARDS AND JUDICIAL NOTICE STANDARDS**

When we review a matter de novo, we consider the matter anew

5

as if the bankruptcy court had not previously ruled. Sachan v. Huh (In re Huh), 506 B.R. 257, 262 (9th Cir. BAP 2014) (en banc). Therefore, we apply the same standards to Civil Rule 12(b)(6) dismissal motions that all other federal courts are required to apply. In re Belice, 461 B.R. at 572-73.

Under Civil Rule 12(b)(6), made applicable in adversary proceedings by Rule 7012, we may dismiss a complaint for "failure to state a claim upon which relief can be granted." To survive a Civil Rule 12(b)(6) dismissal motion, a complaint must present cognizable legal theories and sufficient factual allegations to support those theories. See Johnson v. Riverside Healthcare Sys., LP, 534 F.3d 1116, 1121-22 (9th Cir. 2008). As the Supreme Court has explained:

> a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and internal quotation marks omitted).

In reviewing the sufficiency of a complaint under Civil Rule 12(b)(6), we must accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff. See Newcal Indus., Inc. v. Ikon Office Solutions, 513 F.3d 1038, 1043 n. 2 (9th Cir. 2008). However, we do not need to accept as true conclusory allegations or legal characterizations cast in the form of factual allegations. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).

6

We may use judicially noticed facts to establish that a complaint does not state a claim for relief. Skilstaf, Inc. v. CVS Caremark Corp., 669 F.3d 1005, 1016 n.9 (9th Cir. 2012). In addition, we can take judicial notice of the existence, filing and content of documents filed in Rivera's underlying bankruptcy case. See O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.), 887 F.2d 955, 957-58 (9th Cir. 1989).

We also may consider the existence and content of documents attached to and referenced in the complaint as exhibits. Lee v. City of L.A., 250 F.3d 668, 688 (9th Cir. 2001); Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). Even when a document is not physically attached to the complaint, we may consider its existence and contents when its authenticity is not contested and when it necessarily is relied upon by the plaintiffs in their complaint. See United States v. Ritchie, 342 F.3d 903, 907-08 (9th Cir. 2003); Lee, 250 F.3d at 688.

Of course, just because a judicially-noticed document states a "fact" does not necessarily mean that this fact is true. Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007). Whether the facts stated in a judicially noticed document are reasonably subject to dispute depends on the nature of the facts stated and the nature and purpose of the document as a whole. See Ferguson v. Wells Fargo Bank, N.A., 2013 WL 504709, at **2-3 (E.D. Cal. 2013); see also Lee, 250 F.3d at 690.

## DISCUSSION

As set forth above, Rivera's complaint challenges the foreclosure proceedings and hinges on his allegation that the assignment of deed of trust was invalid. On its face, the

7

assignment of deed of trust duly assigned to Wells Fargo the original lender's rights under Rivera's note and deed of trust, including the right to foreclose. Nonetheless, Rivera has offered three different arguments why, in his view, the assignment of deed of trust was invalid. We will address each of these arguments in turn.

First, Rivera contends that the attempted securitization of his loan effectively rendered his note and deed of trust unenforceable. While his reasoning on this point is difficult to follow, Rivera appears to rely on alternate legal theories. According to Rivera, either the attempted assignment to Wells Fargo as trustee failed because the securitization trust did not actually exist or the attempted assignment was successful but resulted in the original lender being "paid off" and thereby "satisfied" Rivera's note and deed of trust. Under either theory, California law does not permit a borrower to attack nonjudicial foreclosure proceedings by invoking either the alleged failure or the alleged success of the securitization process. See Jenkins v. JP Morgan Chase Bank, N.A., 216 Cal.App.4th 497, 514-15 (2013); Nordeen v. Bank of Am., N.A. (In re Nordeen), 495 B.R. 468, 479-81 (9th Cir. BAP 2013) (citing Lane v. Vitek Real Estate Indus. Grp., 713 F.Supp.2d 1092, 1099 (E.D. Cal. 2010)). Both Jenkins and In re Nordeen stand for the general proposition that the borrower is not a party to the securitization transaction and has no right to invoke the securitization as a defense against nonjudicial foreclosure.

Second, Rivera contends that Wells Fargo and its agents had no right to foreclose unless and until Wells Fargo established

8

that it is the holder of the note or otherwise is entitled to enforce the note under California's version of the Uniform Commercial Code governing negotiable instruments. See Cal. Com'l Code § 3101, et seq. Assuming without deciding that Rivera's note qualifies as a negotiable instrument governed by the Uniform Commercial Code, Rivera's second argument lacks merit. California courts do not permit a borrower to impede nonjudicial foreclosure proceedings by demanding an advance judicial determination of the foreclosing beneficiary's right to enforce the note. Debrunner v. Deutsche Bank Nat'l Trust Co., 204 Cal.App.4th 433, 442 (2012); see also Jenkins, 216 Cal.App.4th at 511 (citing Debrunner and stating: "California courts have refused to delay the nonjudicial foreclosure process by allowing trustor-debtors to pursue preemptive judicial actions to challenge the right, power, and authority of a foreclosing 'beneficiary' or beneficiary's 'agent' to initiate and pursue foreclosure.").

In Rivera's third and final argument, he complains that the assignment of the deed of trust to Wells Fargo was fraudulent and was executed by "Robbo Signature." However, Rivera's fraud allegations are insufficient to state a cognizable legal claim. In federal court, fraud allegations must be stated with particularity. See Rule 7009 (incorporating Civil Rule 9(b)); In re Nordeen, 495 B.R. at 483. Moreover, under California law, a fraud cause of action requires allegations of misrepresentation, knowledge of falsity, intent to defraud, justifiable reliance, and resulting injury. See Lazar v. Super. Ct., 12 Cal.4th 631, 638 (1996). Assuming the truth of Rivera's

9

factual allegations, there is no indication that any form of misrepresentation occurred in conjunction with the assignment. More importantly, there is no indication that Rivera was a party to or even aware of the assignment at the time it was made and hence there is no rational basis to infer from Rivera's allegations that Rivera relied on the so-called fraudulent assignment or suffered damages as a result of any such reliance.

As for Rivera's robo-signing allegations, a bare assertion that a document has been robo-signed does not give rise to a fraud claim, especially when, as here, the borrower has not disputed that he has defaulted on his loan obligations. See Sandri v. Capital One, N.A. (In re Sandri), 501 B.R. 369, 373-74 (Bankr. N.D. Cal. 2013); see also Pratap v. Wells Fargo Bank, N.A., 2014 WL 3884413, at *5 (N.D. Cal. 2014) ("numerous courts have found that where a plaintiff alleges that a document is void due to robo-signing, yet does not contest the validity of the underlying debt, and is not a party to the assignment, the plaintiff does not have standing to contest the alleged fraudulent transfer.").

In the parlance of Iqbal, Rivera has not stated a plausible claim for relief based on fraud. He has not pled sufficient factual content that would allow the bankruptcy court or us to draw the reasonable inference that the assignment of deed of trust was fraudulent.

## CONCLUSION

For the reasons set forth above, we AFFIRM the bankruptcy court's dismissal with prejudice of Rivera's adversary proceeding.

10