UNITED STATES of America, Plaintiff–Appellee,

v.

Donald Lawrence RITCHIE, Defendant,

Heather Horner, Claimant–Appellant.

No. 01–35989.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 12, 2003.

Filed Aug. 26, 2003.

Crandon Randell, James Barkeley, Office of the United States Attorney, Anchorage, AK, for the plaintiff-appellee.

Jeffrey Commisso, Luce Forward Hamilton and Scripps, San Diego, CA, Heather Horner, pro se for the claimant-appellant.

Before: HAWKINS, W. FLETCHER, Circuit Judges, and BREYER,* District Judge.

WILLIAM A. FLETCHER, Circuit Judge.

After the conclusion of criminal proceedings, appellant Heather Horner sought the return of seized personal property pursuant to Federal Rule of Criminal Procedure 41(e). The district court denied relief, and we reverse. We hold that Horner's Rule 41(e) motion should have been treated as a complaint filed under the Federal Rules of Civil Procedure. Joining our sister circuits, we further hold that when a letter providing personal notice of a forfeiture proceeding is returned undelivered, the Drug Enforcement Administration ("DEA") must make reasonable additional efforts to provide personal notice of the proceeding.

---

* The Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

## I. Background

Appellant Horner was dating Donald Ritchie, a drug dealer. In the course of its investigation of Ritchie in 1999, the DEA obtained and executed a search warrant at Horner's apartment. The DEA found and confiscated $3,000 cash, a revolver, and other items. Ritchie was subsequently arrested and convicted of federal drug charges, but Horner was never charged or arrested. The DEA nonetheless administratively forfeited the cash and revolver it had taken from her apartment.

After the completion of criminal proceedings against Ritchie, Horner filed a pro se motion in federal district court on April 27, 2001 for the return of her property pursuant to Federal Rule of Criminal Procedure 41(e). Horner alleged that the DEA had not provided her adequate notice of the forfeiture proceedings, and she asked the court to vacate the forfeiture and to order the DEA to return the seized items to her.

On June 7, the government filed an opposition to Horner's motion. It contended that the DEA's notice procedures had been adequate and that, in any event, Horner had received actual notice of the forfeiture proceedings. To support its factual contentions, the government attached a variety of materials to its opposition. It attached a declaration of John Hieronymus, forfeiture counsel of the DEA, attesting to the DEA's attempts at notice. The declaration was not signed by Hieronymus, but rather by Vicki Rashid, who signed it "for" Hieronymus. Eighteen exhibits were attached to the Hieronymus declaration. Among them were copies of notices published in the USA Today and the Wall Street Journal, copies of letters sent by the DEA to Horner and Ritchie, and a copy of a "Petition for Return of Property" signed by Ritchie and sent to the DEA. The government contended, among other things, that the handwriting on the envelope containing Ritchie's petition was Horner's, and that Horner therefore must have had adequate notice of the impending forfeiture proceedings.

On July 5, the district court denied Horner's motion "[f]or the reasons and upon the authorities set out by the government in its opposition." The court specifically found that Horner was "duly and lawfully notified of the DEA forfeiture proceedings." On July 26, Horner filed a reply to the government's opposition, but the district court took no action in response to her reply. Horner appealed, and we appointed pro bono counsel.

We review de novo a district court's decision to deny a Rule 41(e) motion. *United States v. Marolf,* 173 F.3d 1213, 1216 (9th Cir.1999). If a Rule 41(e) motion is filed when no criminal proceeding is pending, the motion is treated as a civil complaint seeking equitable relief. *United States v. Martinson,* 809 F.2d 1364, 1366–67 (9th Cir.1987).

## II. Discussion

### A. Rule 41(e) Motion Treated as a Complaint

Horner contends on appeal that the district court erred by failing to treat her Rule 41(e) motion as a civil complaint. The government first argues that Horner waived this issue by failing to raise it below. Because Horner was proceeding pro se and because her motion was summarily denied, however, she had little meaningful opportunity to raise this issue in the district court. The government, moreover, itself raised the issue in the district court when it suggested in its opposition that Horner's complaint "[a]rguably ... could be treated as a complaint invoking the court's equitable jurisdiction." In any event, we have discretion to hear an

issue raised for the first time on appeal when the issue is purely a question of law and does not depend on the factual record developed below. *See Marx v. Loral Corp.*, 87 F.3d 1049, 1055 (9th Cir.1996). Whether Horner's Rule 41(e) motion should be treated as a civil complaint is purely a question of law and does not depend on facts not in the present record. For these reasons, we believe that it is appropriate for us to reach the issue.

■ The government argues that, if we reach the merits of Horner's contention, the district court had discretion to dismiss a free-standing Rule 41(e) motion based on a lesser showing than would have been required to dismiss a civil complaint. Our decisions indicate no such discretion. *See Marolf*, 173 F.3d at 1216 ("Rule 41(e) motions *are treated* as proceedings in equity when there are no criminal proceedings pending against the movant." (emphasis added)); *Martinson*, 809 F.2d at 1367("Such motions *are treated* as civil equitable proceedings even if styled as being pursuant to Fed.R.Crim.P. 41(e)." (emphasis added)). Our sister circuits follow the rule we established by *Martinson*. *See, e.g., United States v. Giraldo*, 45 F.3d 509, 511 (1st Cir.1995); *Weng v. United States*, 137 F.3d 709, 711 n. 1 (2d Cir.1998); *United States v. McGlory*, 202 F.3d 664, 670 (3d Cir.2000); *Hunt v. Dep't of Justice*, 2 F.3d 96, 97 (5th Cir.1993); *United States v. Duncan*, 918 F.2d 647, 654 (6th Cir. 1990); *United States v. Solis*, 108 F.3d 722, 722 (7th Cir.1997); *Muhammed v. Drug Enforcement Agency*, 92 F.3d 648, 651 (8th Cir.1996); *United States v. Deninno*, 103 F.3d 82, 85 (10th Cir.1996); *United States v. Potes Ramirez*, 260 F.3d 1310, 1314(11th Cir.2001).

To support its argument, the government relies on *United States v. Elias*, 921 F.2d 870 (9th Cir.1990), and *United States v. Clagett*, 3 F.3d 1355 (9th Cir.1993). In *Elias*, we affirmed the denial of a Rule 41(e) motion where the parties agreed that the claimant had proper notice of administrative forfeiture proceedings. 921 F.2d at 872. In *Clagett*, we reversed the district court's denial of a Rule 41(e) motion and remanded for a determination of whether the claimant had proper notice. 3 F.3d at 1356–57. Neither *Elias* nor *Clagett* indicates that a district court may treat a Rule 41(e) motion as something less than a civil complaint when there is no pending criminal proceeding. Rather, *Elias* and *Clagett* stand for the proposition that where a claimant has received adequate notice of an earlier administrative forfeiture proceeding, and thus has had an adequate remedy at law, the district court should deny a subsequent Rule 41(e) motion. In this case, because Horner alleged in her motion that she had not received adequate notice of the impending administrative forfeiture, the district court was required to treat the motion as a civil complaint governed by the Federal Rules of Civil Procedure.

The government contends that even if Horner's Rule 41(e) motion must be treated as a civil complaint, the district court properly dismissed it under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. The government further contends that the district court appropriately considered the exhibits submitted by the government in its opposition and properly concluded that the DEA's notice was adequate. We disagree with both contentions.

■ When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond. *See* Fed.R.Civ.P. 12(b); *Parrino v. FHP, Inc.*, 146 F.3d 699,

706 n. 4 (9th Cir.1998). A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment. *See Van Buskirk v. CNN*, 284 F.3d 977, 980(9th Cir.2002); *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir.1994); 2 James Wm. Moore et al., *Moore's Federal Practice* § 12.34[2] (3d ed.1999). The government contends that the declaration and exhibits attached to its opposition could be considered under either the doctrine of incorporation by reference or the doctrine of judicial notice.

■ Certain written instruments attached to pleadings may be considered part of the pleading. *See* Fed.R.Civ.P. 10(c). Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim. *See Van Buskirk*, 284 F.3d at 980; *Branch v. Tunnell*, 14 F.3d 449, 453–54 (9th Cir.1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir.2002); *Venture Assoc. Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429, 431(7th Cir.1993). The defendant may offer such a document, and the district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6). The doctrine of incorporation by reference may apply, for example, when a plaintiff's claim about insurance coverage is based on the contents of a coverage plan, *see Parrino*, 146 F.3d at 705–06, or when a plaintiff's claim about stock fraud is based on the contents of SEC filings, *see In re Silicon Graphics*

*Secs. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999).

■ The government's contention that the district court could have considered some or all of the attachments under the incorporation by reference doctrine is unpersuasive. The Hieronymus declaration, prepared in response to Horner's motion, was obviously not mentioned in the motion. Affidavits and declarations such as the Hieronymus declaration are not allowed as pleading exhibits unless they form the basis of the complaint. *Compare Branch*, 14 F.3d at 450–54, *with DeMarco v. DepoTech Corp.*, 149 F.Supp.2d 1212, 1219–21 (S.D.Cal.2001). *See also* 2 Moore et al., *supra*, at § 10.05[2] (stating that affidavits are typically not allowed as pleading exhibits). Indeed, none of the attached documents formed the basis of Horner's complaint, and she did not refer extensively to any of them.

■ Horner's motion mentioned that Ritchie has sent a petition to the DEA, but she did not "reference[ ] extensively" the Ritchie petition, *Van Buskirk*, 284 F.3d at 980, and the Ritchie petition was not "integral to [her] claim," *Parrino*, 146 F.3d at 706 n. 4; *see also* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1327 (2d ed.1990) (stating that the mere mention of the existence of a document is insufficient to incorporate the contents of a document by reference). Nor could her mention of the Ritchie petition by any stretch allow the court to consider the handwriting on the envelope in which the petition was mailed to the DEA.

■ The government's contention that the attached documents could be considered under the doctrine of judicial notice is equally unpersuasive. Courts may only take judicial notice of adjudicative facts that are "not subject to reasonable dis-

pute." Fed.R.Evid. 201(b). Facts are indisputable, and thus subject to judicial notice, only if they are either "generally known" under Rule 201(b)(1) or "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned" under Rule 201(b)(2). The underlying facts relevant to the adjudication of this case—what notice procedures the DEA used, whether Horner had actual notice, and so on—do not remotely fit the requirements of Rule 201.

Courts may take judicial notice of some public records, including the "records and reports of administrative bodies." *Interstate Nat. Gas Co. v. S. Cal. Gas Co.*, 209 F.2d 380, 385 (9th Cir.1953). The DEA is an "administrative body," but that does not mean that all evidence related to this case—such as the handwriting on an envelope mailed to the DEA—fits within the judicial notice exception. *Cf. Pina v. Henderson*, 752 F.2d 47, 50 (2d Cir.1985) (holding that the existence and content of a police report are not properly the subject of judicial notice). Moreover, even if the government's attached documents were properly the subject of judicial notice, Horner should have been given some opportunity to respond to the propriety of taking judicial notice of the facts alleged therein. *See* Fed.R.Evid. 201(e).

Thus, it would have been improper for the court to consider the declaration and exhibits attached to the government's opposition without converting the motion to dismiss into a motion for summary judgment and giving Horner an opportunity to respond. Even if the court had converted the Rule 12(b)(6) motion into a Rule 56 motion, we note that the Hieronymus declaration does not comply with the require-

ments of Rule 56. In ruling on a motion for summary judgment, a court may substitute an unsworn declaration for a sworn affidavit if the declaration complies with 28 U.S.C. § 1746. But such documents must be based on "personal knowledge," Fed.R.Civ.P. 56(e), and must be "subscribed by" the declarant, 28 U.S.C. § 1746. A declaration signed by someone else for the declarant does not comply.

We therefore hold that the district court erred in dismissing Horner's Rule 41(e) motion.

## B. Adequate Notice

■ As is evident from the foregoing discussion, the record has not been developed on the question of whether Horner received adequate notice of the impending administrative forfeiture. Some of the relevant facts, however, are undisputed by the parties. The parties have briefed to us the legal issues regarding notice, and these issues will be before the district court on remand. Therefore, to the extent feasible—based on the facts that are undisputed—we address these legal issues. *See United States v. Culps*, 300 F.3d 1069, 1079(9th Cir.2002); *Pope v. Man–Data, Inc.*, 209 F.3d 1161, 1164 (9th Cir.2000); *Sapper v. Lenco Blade, Inc.*, 704 F.2d 1069, 1072 (9th Cir.1983).

■ Federal law authorizes forfeiture in drug cases and incorporates forfeiture procedures from the Tariff Act. *See* 21 U.S.C. § 881(d).[1] Before forfeiting property, the DEA must publish notice for at least three weeks and must also send "[w]ritten notice of seizure together with information on the applicable procedures ... to each party who appears to have an interest in the seized article." 19 U.S.C. § 1607(a). Federal regulations provide further guidance, instructing that notice

---

1. To provide increased protections for claimants, Congress in 2000 enacted the Civil Asset Forfeiture Reform Act. *See* 18 U.S.C. § 983.

Because the Reform Act applies only to forfeiture proceedings commenced on or after April 25, 2000, it does not apply to this case.

must identify the time, cause, and place of the seizure, and must instruct potential claimants on how to file a claim with the DEA. *See* 21 C.F.R. § 1316.75. Because forfeitures are disfavored, *see United States v. One Ford Coach*, 307 U.S. 219, 226, 59 S.Ct. 861, 83 L.Ed. 1249 (1939), forfeiture laws and their notice provisions are "strictly construed . . . against the government," *Marolf*, 173 F.3d at 1217.

The statutory and regulatory guidelines for forfeitures are interpreted in light of constitutional due process concerns regarding notice of impending legal proceedings. "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). "The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." *Id.* at 315, 70 S.Ct. 652.

The parties do not dispute that the DEA published notice in the *USA Today* and the *Wall Street Journal* (although those publications listed the place of seizure only as "Anchorage, AK," and identified the date of seizure as June 15, 1999, not April 29, 1999, the date the revolver and cash were taken from Horner's apartment). The parties agree that the DEA made no attempt to send personal notice to Horner regarding the revolver. Finally, the parties do not dispute that the DEA attempted to send personal notice regarding the cash to Horner's Anchorage address, but that the letter was returned to the DEA undelivered.

These undisputed facts are insufficient to establish that the DEA's efforts complied with constitutional, statutory, and regulatory notice requirements. With respect to the revolver, the government contends that it was not required to attempt personal notice because Horner did not "appear[ ] to have an interest" in it. 19 U.S.C. § 1607(a). Given that the revolver was taken from Horner's apartment, this argument, without more, is unconvincing. The failure to attempt personal notice convinces us that the DEA's attempts at notice—at least as reflected in the undisputed facts—were insufficient with respect to the revolver.

With respect to the cash, the government contends that the DEA's efforts at personal notice were sufficient and that it was therefore not required to make additional efforts to contact Horner even though the letter was returned undelivered. The government relies on *Sarit v. Drug Enforcement Admin.*, 987 F.2d 10, 14–15 (1st Cir.1993). In that case, the First Circuit held that, absent unusual circumstances, no additional efforts are required to contact a potential claimant once a notice has been returned undelivered. In *Clagett*, when we remanded for a notice inquiry, we instructed the district court to consider notice issues in light of *Sarit* and cases cited therein. *Clagett*, 3 F.3d at 1357. We did not, however, explicitly adopt *Sarit's* holding on the specific issue of whether the government must make additional efforts at personal notice once a first letter is returned undelivered. Indeed, that question was not raised in *Clagett*.

Since our decision in *Clagett*, all other circuits to consider the issue have required the government to make reasonable additional efforts to provide personal notice once it has learned that an initial effort has failed. *See Torres v. $36,256.80 United States Currency*, 25 F.3d 1154, 1161(2d Cir.1994); *Foehl v. United States*, 238 F.3d 474, 479 (3d Cir.2001); *Armendariz–Mata v. Drug Enforcement Admin.*,

82 F.3d 679, 683 (5th Cir.1996); *Garcia v. Meza,* 235 F.3d 287, 290–91 (7th Cir.2000); *United States v. Rodgers,* 108 F.3d 1247, 1252 (10th Cir.1997); *Small v. United States,* 136 F.3d 1334, 1337–38 (D.C.Cir. 1998).[2] We now join these circuits in holding that, when initial personal notice letters are returned undelivered, the government must make reasonable additional efforts to provide personal notice. What additional efforts are reasonable will depend on the circumstances of the particular case. If the DEA made no additional efforts to notify Horner after the first letter was returned undelivered, Horner did not have legally adequate notice of the impending forfeiture proceedings.

Finally, the government argues that Horner's claim cannot succeed because even if the DEA's efforts to notify her were legally inadequate, Horner had actual notice of the impending forfeiture proceedings. Based only on the undisputed facts, however, we are unable to determine whether Horner had actual notice of the impending forfeiture, and, if so, whether that notice was sufficiently accurate and detailed to enable her to protect her interests in the administrative forum. We are therefore unable to determine whether the government's knowledge concerning Horner's asserted actual notice was sufficient to excuse it from whatever reasonable efforts at notice it would otherwise have been required to make.

We therefore REVERSE and RE-MAND the case for further proceedings consistent with this opinion.

**2.** The First Circuit itself appears to have retreated from its *Sarit* holding. In *Whiting v. United States,* 231 F.3d 70, 76 (1st Cir.2000), the First Circuit held that, "[a]bsent proof to the contrary," the government may reasonably assume that certified letters are delivered. Obviously, when the government receives notice that a letter has been returned undelivered, it has proof to the contrary.