Michael J. Raphael, Esquire, Assistant U.S., Rob Bautista Villeza, Esquire, Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Michael J. Treman, Esquire, Michael J. Treman Attorney at Law, Santa Barbara, CA, for Defendant–Appellant.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Quintin Stephen appeals from the district court's order denying his motion under 18 U.S.C. § 3582(c)(2) for a reduced sentence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Stephen contends that the district court erred by failing to reduce his sentence in light of Amendment 706 to the United States Sentencing Guidelines. Because the record reflects that Stephen's original sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," the district court did not err. See Dillon v. United States, —— U.S. ——, 130 S.Ct. 2683, 2690–91, 177 L.Ed.2d 271 (2010). Stephen's contention that the district court was entitled to treat the corresponding base offense levels and drug quantities in

\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

the Guidelines as advisory in light of *Booker* is foreclosed. *See id.* at 2690–92.

**AFFIRMED.**

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Maurice Donnell COOPER,**
**Defendant–Appellant.**

**No. 09–10251.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 13, 2010.*

Filed Sept. 29, 2010.

Ray Gattinella, Esquire, Peter Stuart Levitt, Esquire, Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Maurice Donnell Cooper, Minersville, PA, pro se.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Maurice Donnell Cooper appeals from the district court's order denying his motion under Federal Rule of Criminal Procedure 41(g) for return of property. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Cooper contends that the district court erred by failing to return the $982 in cash found on his person on the day of his arrest for bank robbery. This contention fails because the government has demonstrated that Cooper was never lawfully in possession of the money, which corresponded to the amount stolen from the bank on the day of both the robbery and Cooper's arrest. *See United States v. Mills,* 991 F.2d 609, 612 (9th Cir.1993) (government can rebut presumption of property's return by demonstrating right of possession adverse to defendant); *see also United States v. Kaczynski,* 551 F.3d 1120, 1129 (9th Cir.2009) (defendant not entitled to property where government shows that he never lawfully possessed such property).

To the extent that Cooper challenges the propriety of the seizure itself, the challenge is outside the scope of this appeal. *See, e.g., United States v. Ritchie,* 342 F.3d 903, 906 (9th Cir.2003) ("If a Rule 41(e) motion is filed when no criminal proceeding is pending, the motion is treated as a civil complaint seeking equitable relief.").

Cooper's motions under Federal Rules of Civil Procedure 12 and 56, which are made in his reply brief, are denied.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

