FILED

**NOT FOR PUBLICATION**

SEP 29 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10251 |
| Plaintiff - Appellee, | D.C. No. 2:07-CR-00066-JCM |
| v. | |
| MAURICE DONNELL COOPER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted September 13, 2010[**]

Before:    SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Maurice Donnell Cooper appeals from the district court's order denying his motion under Federal Rule of Criminal Procedure 41(g) for return of property. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Cooper contends that the district court erred by failing to return the $982 in cash found on his person on the day of his arrest for bank robbery. This contention fails because the government has demonstrated that Cooper was never lawfully in possession of the money, which corresponded to the amount stolen from the bank on the day of both the robbery and Cooper's arrest. *See United States v. Mills*, 991 F.2d 609, 612 (9th Cir. 1993) (government can rebut presumption of property's return by demonstrating right of possession adverse to defendant); *see also United States v. Kaczynski*, 551 F.3d 1120, 1129 (9th Cir. 2009) (defendant not entitled to property where government shows that he never lawfully possessed such property).

To the extent that Cooper challenges the propriety of the seizure itself, the challenge is outside the scope of this appeal. *See, e.g., United States v. Ritchie*, 342 F.3d 903, 906 (9th Cir. 2001) ("If a Rule 41(e) motion is filed when no criminal proceeding is pending, the motion is treated as a civil complaint seeking equitable relief.").

Cooper's motions under Federal Rules of Civil Procedure 12 and 56, which are made in his reply brief, are denied.

**AFFIRMED.**