**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30221 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-02058-WFN |
| v. | |
| SAUL OLIVARES, a.k.a. David Ramirez, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, District Judge, Presiding

Submitted January 20, 2016[**]

Before:  CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Saul Olivares appeals pro se from the district court's order denying his

motion for return of property under Federal Rule of Criminal Procedure 41(g).  We

have jurisdiction under 28 U.S.C. § 1291.  We vacate and remand for further

proceedings.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Olivares filed his motion when there were no criminal proceedings pending against him. As a result, the district court should have treated his Rule 41(g) motion as a civil complaint. *See United States v. Ibrahim*, 522 F.3d 1003, 1007 (9th Cir. 2008). Furthermore, because the court considered evidence outside of the pleadings, it should have treated the government's opposition to Olivares's motion as a motion for summary judgment. *See id.* Because the district court did not do so, we vacate and remand for further proceedings. Upon remand, the district court shall determine whether there is a genuine issue of material fact as to whether Olivares received actual notice of the forfeiture[1] or, if not, whether the government made reasonable efforts to provide him notice despite failing to serve him in custody. *See id.* at 1008; *United States v. Ritchie*, 342 F.3d 903, 910-11 (9th Cir. 2003). The court should also consider whether there is a genuine issue of material fact as to the government's argument that Olivares lacks a possessory interest in the seized funds. If the government cannot meet the summary judgment standard,

---

[1]In its order, the district court indicated that Olivares received notice of the forfeiture proceedings because a letter of forfeiture "was sent to his address and received." However, the record indicates that the letter was received by "Maria G." It is unclear from the record whether Olivares ever resided at that address, what the relationship is between Maria G. and Olivares, and whether notice to her was a reasonable means of providing notice to Olivares.

the district court shall go forward with additional proceedings consistent with the

Federal Rules of Civil Procedure. *See Ibrahim*, 522 F.3d at 1008.

**VACATED and REMANDED.**