M. SMITH, Circuit Judge,
concurring in part and dissenting in part:
I concur in the majority’s holding that Parkinson failed to allege a valid claim for ownership of the trademark. I disagree, however, that the district court abused its discretion in dismissing Parkinson’s complaint with prejudice.
Collectively, the licensing agreement and asset purchase agreement attached to the complaint contain a number of contradictions with Parkinson’s allegations. When deciding a motion to dismiss under Rule 12(b)(6), we need not “accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.” Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.2001); see United States v. Ritchie, 342 F.3d 903, 908 (9th Cir.2003); Federal Rule of Civil Procedure 10(c) (“A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.”). Moreover, we are not obligated to credit “allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.” Sprewell, 266 F.3d at 988. In this case, the inconsistencies in the transactional documents attached to the complaint are legion, and the district court did not abuse its discretion in determining that no manner of amendment could cure such deficiencies.
First, the licensing agreement — the sole document signed by Parkinson herself— states that Robanda purchased “the goodwill of the Marilyn brand from Camelot.” This bold statement is patently inconsistent. with the allegations in the complaint, which claims that the goodwill transferred with the assignment to Parkinson. Parkinson cannot plausibly amend the complaint to account for this discrepancy, or retract her own admission that goodwill had transferred. See Reddy v. Litton Indus., Inc., 912 F.2d 291, 296-97 (9th Cir.1990) (amendments must allege “facts consistent with the challenged pleading.”). Nor, as the majority acknowledges, does the asset purchase agreement offer clarity on this point.
Equally damning is Parkinson’s admission in the licensing agreement that she received no consideration for licensing the mark to Robanda. “California courts have repeatedly refused to enforce gratuitous promises, even if reduced to writing in the form of an agreement.” Jara v. Suprema Meats, Inc., 121 Cal.App.4th 1238, 1249, 18 Cal.Rptr.3d 187 (2004). A significant risk of consumer confusion would ensue if the assignee had no legally valid means of enforcing the terms of a licensing agreement. See E. & J. Gallo Winery v. Gallo Cattle Co., 967 F.2d 1280, 1290 (9th Cir.1992). Nor, it appears, could Parkinson cure this defect without directly contradicting the admission made in her licensing agreement, a document integral to her underlying trademark infringement claim.
Given this morass of inconsistencies, the district acted well within its discretion in determining that amendment would be futile. Accordingly, I would affirm the district court’s judgment call in this situation.
I respectfully dissent.