**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 6 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | | |
|---|---|---|
| NO CASINO IN PLYMOUTH; and CITIZENS EQUAL RIGHTS ALLIANCE, | No. 15-17189 | |
| Plaintiffs-Appellants, | D.C. No. 2:12-cv-01748-TLN-CMK | |
| v. | MEMORANDUM* | |
| RYAN K. ZINKE, Secretary, US Department of the Interior; U.S. DEPARTMENT OF THE INTERIOR; KEVIN K. WASHBURN, Assistant Secretary for Indian Affairs; AMY DUTSCHKE, BIA Director; JOHN RYDZIK, Chief, Division of Environmental, Cultural Resources Management and Safety / Bureau of Indian Affairs; PAULA L. HART, Chairwoman of the Office of Indian Gaming; JONODEV CHAUDHURI, Acting Chairman of the National Indian Gaming Commission, | | |
| Defendants-Appellees, | | |
| and | | |
| IONE BAND OF MIWOK INDIANS, | | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Argued and Submitted July 14, 2017
San Francisco, California

Before: GRABER and FRIEDLAND, Circuit Judges, and FOGEL,[**] District
Judge.

Plaintiffs No Casino in Plymouth and Citizens Equal Rights Alliance challenge the Department of the Interior's 2012 decision to take certain lands into trust for the benefit of the Ione Band of Miwok Indians. Reviewing de novo, La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest, 624 F.3d 1083, 1087 (9th Cir. 2010), we conclude that neither Plaintiff has met its burden of showing that it has organizational standing.

For an entity that sues on behalf of its members to establish that it has organizational standing, it must show that "(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to vindicate are germane to the organization's purpose; and (c) neither the claim asserted nor the relief

---

[**] The Honorable Jeremy D. Fogel, United States District Judge for the Northern District of California, sitting by designation.

requested requires the participation of individual members in the lawsuit." Ass'n of Pub. Agency Customers v. Bonneville Power Admin., 733 F.3d 939, 950 n.19 (9th Cir. 2013) (internal quotation marks omitted). Here, neither Plaintiff has "'set forth' by affidavit or other evidence 'specific facts'" to show that any of its members would have had standing to sue in his or her own right at the time the complaint was filed. See Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992) (holding that, in order to oppose summary judgment successfully, a plaintiff "must 'set forth' by affidavit or other evidence 'specific facts,' which for purposes of . . . summary judgment motion will be taken to be true" (citation omitted)). The "undisputed facts" cited by Plaintiffs were not stipulated to by Defendants or sworn to under oath, nor did they comply with 28 U.S.C. § 1746; accordingly, they cannot be considered for purposes of summary judgment. United States v. Ritchie, 342 F.3d 903, 909 (9th Cir. 2003). And the evidence contained in the administrative record, even if it can be considered for other purposes, is not admissible to establish Plaintiffs' standing, because it does not meet the requirements of Federal Rule of Civil Procedure 56. See Lujan, 504 U.S. at 561 (holding that, because standing is "an indispensable part of the plaintiff's case, each element [of standing] must be supported in the same way as any other matter

on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation").

Accordingly, we vacate the district court's entry of judgment for Defendants and remand with instructions to dismiss this action for lack of subject-matter jurisdiction.

**VACATED and REMANDED.** Costs on appeal awarded to Defendants-Appellees.