**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FEB 12 2018

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| PETER MORSEA, | No. 15-17218 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-01219-KJN |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Kendall J. Newman, Magistrate Judge, Presiding

Argued and Submitted September 14, 2017
San Francisco, California

Before: GOULD and WATFORD, Circuit Judges, and SANDS,** District Judge.

Peter Morsea appeals the district court's decision affirming the

Commissioner of Social Security's denial of his application for disability insurance

benefits under Title II of the Social Security Act. We have jurisdiction under 28

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable W. Louis Sands, United States District Judge for the Middle District of Georgia, sitting by designation.

U.S.C. § 1291. We review a district court's order affirming the Commissioner's denial of benefits *de novo*. *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014). We reverse and remand.

On appeal, Morsea argues the administrative law judge ("ALJ") erred in (1) finding that his impairments were not "severe"; (2) not obtaining a medical advisor to determine the onset date of his cancer; and (3) making an adverse credibility determination. Upon review, we hold that the ALJ did not err in failing to call a medical expert, but we agree the ALJ erred in making an adverse credibility determination and finding Morsea's impairments were not severe.

1. The ALJ did not err in failing to call a medical expert at the hearing. Social Security Ruling ("SSR") 83-20 provides that with respect to slowly progressive impairments, it may be impossible to establish the precise date an impairment became disabling and in those cases it will be necessary to infer an onset date with the assistance of a medical expert. SSR 83-20, 1983 WL 31249, 1983 SSR LEXIS 25. In *Diedrich v. Berryhill*, 874 F.3d 634 (9th Cir. 2017), we held that a medical expert is required "where there are large gaps in the medical records documenting a slowly progressive impairment and an ALJ's assessment of the disability onset date would be mere speculation without the aid of a medical expert." *Id*. at 639. Moreover, we later held in *Wellington v. Berryhill*, 878 F.3d 867 (9th Cir. 2017), that an ALJ was not required to call a medical expert where

15-17218

"the available evidence clearly could not support an inference of disability onset during a gap in the medical records." *Id.* at 874.

Here, the record as a whole is not insufficient such that a medical expert was required to infer the onset date of Morsea's cancer. Further, the symptoms attributable to his cancer did not appear to substantially affect his functional abilities. The "mere presence of [a] functional impairment is not enough." *Waters v. Gardner*, 452 F.2d 855, 857 (9th Cir. 1971) ("The fact that a person is suffering from a diagnosed disease or ailment is not sufficient in the absence of proof of its disabling severity to warrant the award of benefits.") (citation omitted).

Morsea alleged a disability onset date of May 1, 2010. In September 2010, he sought treatment from a physician who examined a laryngeal wart and determined that there was not sufficient suspicion of cancer to warrant a biopsy at that time. During this time period Morsea complained of experiencing a sore throat and hoarseness. At the hearing, he testified that his symptoms did not worsen until October 2012 when he began coughing up blood, more than a year after the date last insured. Although Morsea's laryngeal cancer may be a slowly progressive disease, the ALJ properly found that even if Morsea was diagnosed with cancer, the medical records did not show that he was functionally impaired by the condition. The ALJ's finding is sufficiently supported by the record as a whole and a medical expert was not required for the ALJ's finding. Accordingly, the ALJ did

not err in failing to call a medical expert at the hearing.[1]

2. The ALJ failed to provide "specific, clear and convincing reasons" for rejecting Morsea's testimony concerning the severity of his symptoms. *Smolen v. Chater*, 80 F.3d 1273, 1281, 1284 (9th Cir. 1996) (discussing factors to consider in evaluating credibility). Specifically, the ALJ failed to identify the testimony from the claimant found not credible and explain what evidence undermined that testimony. *Treichler v. Comm'r of SSA*, 775 F.3d 1090, 1102 (9th Cir. 2014). Although the ALJ summarized claimant's testimony and also summarized the medical evidence in the record, the findings were general in nature, which is insufficient for an adverse credibility determination. The ALJ was required to link the testimony to particular parts of the record supporting the adverse credibility determination. *Brown-Hunter v. Colvin*, 806 F.3d 487, 493–94 (9th Cir. 2015). Accordingly, we find the ALJ erred in making the adverse credibility determination, and the error was not harmless. *See Treichler*, 775 F.3d at 1103.

3. Step two of the five-step sequential process is a "*de minimis*" screening device used to dispose of groundless claims. *Smolen*, 80 F.3d at 1290. An

---

[1] Appellee moved the Court to take judicial notice of the Social Security Administration's Disability Determination and Transmittal Form (SSA-832-C3). "Courts may take judicial notice of some public records, including 'records and reports of administrative bodies.'" *United States v. Richie*, 342 F.3d 903, 909 (citation omitted). Appellant did not oppose the Government's request. Accordingly, the Court **GRANTS** Appellee's Motion to Take Judicial Notice.

15-17218

impairment is severe if it has more than a minimal effect on an individual's ability to work, even considering the individual's age, education, or work experience. SSR 85-28, 1985 WL 56856, 1985 SSR LEXIS 19. The ALJ concluded Morsea's impairments were not severe. The ALJ rejected Morsea's testimony about worsening symptoms and found that the medical records showed that Morsea's impairments were either stable, did not meet the 12-month durational requirement, or did not limit his ability to do basic work activities. We disagree.

Morsea had severe chronic obstructive pulmonary disease ("COPD"). He was prescribed a home oxygen tank to be used at all times to treat his COPD, and he used the oxygen tank on a daily basis, all day for thirteen months. The device consisted of an oxygen machine, tank, and a cart he used to tow the device behind him. At the hearing, Morsea testified that use of the device caused him to stay at home most of the time. His treating physician noted that Morsea's COPD was improved on medication but that Morsea still had active problems with asthma and chronic airway obstruction. Although Morsea testified that when he stopped using the oxygen tank he believed he did not need it any longer, he also testified that after he stopped using the oxygen tank, he experienced coughing fits that interfered with his daily activities and caused him to pass out on a few occasions. Morsea further testified that he also suffered from continuing fatigue, shortness of breath, and hoarseness. In addition to COPD, Morsea also had cirrhosis, which was

diagnosed as stable in August 2010.

A vocational expert testified at the hearing that an employer would not tolerate an oxygen tank in the workplace unless the employee had an accommodation. However, "when the [Social Security Administration] determines whether an individual is disabled for [Social Security Disability Insurance] purposes, it does *not* take the possibility of a 'reasonable accommodation' into account." *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 803 (1999) (emphasis in original). The vocational expert also testified that a hypothetical person of claimant's age, education, and work history, who is capable of light work, could not perform claimant's past work.

The limitations imposed on Morsea by the constant usage of the oxygen tank, in conjunction with his other symptoms, had more than a minimal effect on his ability to do basic work activities. Morsea's COPD, in conjunction with his other impairments, met the 12-month durational requirement and limited his basic work activities. The ALJ's finding to the contrary is not supported by the record as a whole or substantial evidence, and the ALJ therefore erred in concluding that Morsea's impairments were not severe. The result was that the ALJ prematurely ended the analysis at step two. We remand for further continuation of the five-step sequential process. We reverse the judgment of the district court with instructions to remand the case to the Social Security Administration for further proceedings

6

consistent with this disposition.

REVERSED and REMANDED.