UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

DEC 5 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SEAN HALL, doing business as Gimme Some Hot Sauce Music, an individual; NATHAN BUTLER, doing business as Faith Force Music, an individual, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> TAYLOR SWIFT, an individual; et al., <br><br> Defendants-Appellees. | No. 18-55426 <br><br> D.C. No. 2:17-cv-06882-MWF-AS Central District of California, Los Angeles <br><br> ORDER |

Before: HURWITZ, OWENS, and LEE, Circuit Judges.

The Memorandum Disposition, filed on October 28, 2019, and reported at 782 F. App'x 639 (9th Cir. 2019), is amended as follows:

At 782 F. App'x at 639, all text, starting with the paragraph beginning with <Originality, as we have long recognized> through the final paragraph concluding with <we reverse the district court's dismissal under Rule 12(b)(6).> is deleted. Footnote 1 remains and follows the second full paragraph at 782 F. App'x at 639, ending with <*See Aschroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).>.

A clean copy of the amended memorandum disposition is attached to this order.

There has been no timely petition for panel rehearing or petition for rehearing en banc. No further petitions for rehearing or rehearing en banc may be filed.

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 5 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SEAN HALL, doing business as Gimme Some Hot Sauce Music, an individual; NATHAN BUTLER, doing business as Faith Force Music, an individual,

Plaintiffs-Appellants,

v.

TAYLOR SWIFT, an individual; et al.,

Defendants-Appellees.

No.    18-55426

D.C. No.
2:17-cv-06882-MWF-AS

AMENDED MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted October 15, 2019
San Diego, California

Before:  HURWITZ, OWENS, and LEE, Circuit Judges.

Sean Hall and Nathan Butler (together, Hall) appeal from the district court's

dismissal under Federal Rule of Civil Procedure 12(b)(6) of their complaint against

Taylor Swift, Martin Sandberg, and Karl Schuster (together, Swift) alleging

copyright infringement.  The complaint alleged that Swift's hit song *Shake It Off*

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

(2014) illegally copied a six-word phrase and a four-part lyrical sequence from Hall's *Playas Gon' Play* (2001). We have jurisdiction under 28 U.S.C. § 1291, and we review de novo the district court's dismissal under Rule 12(b)(6). *See Dougherty v. City of Covina*, 654 F.3d 892, 897 (9th Cir. 2011). As the parties are familiar with the facts, we do not recount them here. We reverse and remand.

The district court dismissed the complaint based on a lack of originality in the pertinent portions of Hall's work. *See Satava v. Lowry*, 323 F.3d 805, 810 (9th Cir. 2003) ("Any copyrighted expression must be 'original.' Although the amount of creative input . . . required to meet the originality standard is low, it is not negligible." (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 345, 362 (1991))); *see also* 1 Nimmer on Copyright § 2.05[B] (2017) (noting that originality is established when "the work originates in the author" and "has a spark that goes beyond the banal or trivial"). Even taking into account the matters of which the district court took judicial notice, *see United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003), Hall's complaint still plausibly alleged originality. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[1]

**REVERSED and REMANDED.**

---

[1] Swift argues that this Court should affirm the district court's decision on other grounds. However, we decline to do so. The district court may consider Swift's alternative arguments on remand.