**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAR 18 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GOLDWATER BANK, NA, <br><br>     Plaintiff-counter-claimant-defendant - Appellee, <br><br>  v. <br><br> BANK OF THE WEST; IYKA ALEKSEYEFF, <br><br>     Defendants - Appellees, <br><br> ARTUR ELIZAROV, <br><br>     Defendant-counter-claimant-cross-claimant - Appellant, <br><br> and <br><br> SCOTT HOWELL, <br><br>     Defendant-counter-claimant-cross-claimant - Appellee, <br><br> KENT WIECHERT; PETER HILL; WAGNER HICKS, PLLC; SEAN WAGNER; DEREK BAST, <br><br>     Counter-defendants - | No. 24-661 <br><br> D.C. No. 5:21-cv-00616-JWH-SP <br><br> MEMORANDUM[*] |

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appellees,

   v.

UNISON AGREEMENT CORPORATION,

      Defendant-third-party-
defendant - Appellee,

   v.

ORANGE COAST TITLE COMPANY,

      Third-party-defendant -
Appellee.

Appeal from the United States District Court
for the Central District of California
John W. Holcomb, District Judge, Presiding

Submitted March 6, 2025[**]
Pasadena, California

Before: SANCHEZ and H.A. THOMAS, Circuit Judges, and DONATO, District Judge.[***]

Defendant-appellant Artur Elizarov ("Elizarov") appeals from the dismissal

of his cross-complaint against defendant-appellee Unison Agreement Corporation

("Unison"). The parties' familiarity with the record is assumed.

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable James Donato, United States District Judge for the Northern District of California, sitting by designation.

We review de novo the dismissal of the cross-complaint. *See Scalia v. Empl. Sols. Staffing Grp., LLC*, 951 F.3d 1097, 1101 (9th Cir. 2020). A complaint should not be dismissed if, "taking all well-pleaded factual allegations as true, it contains 'enough facts to state a claim to relief that is plausible on its face.'" *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1034 (9th Cir. 2010) (citation omitted). "Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6)." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). A district court may do so only when the complaint "refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). The decision to consider materials under the "incorporation-by-reference" doctrine is reviewed for an abuse of discretion. *Khoja*, 899 F.3d at 998. We have jurisdiction under 28 U.S.C. § 1291. We reverse and remand.

1.　　Elizarov first challenges the District Court's decision to deem as incorporated by reference, and so consider in ruling on Unison's motion to dismiss, the documents Unison proffered.

The District Court did not abuse its discretion in considering the purchase agreement. The cross-complaint references the purchase agreement throughout, and several of its allegations pertain to the agreement's material terms, such as the purchase price, the earnest-money deposit, and the buyer's contingencies. *See*

*Coto Settlement*, 593 F.3d at 1038. "These are more than passing reference[s]," *Khoja*, 899 F.3d at 1005, so the District Court properly considered the purchase agreement.

Not so for the financing application or addendum. The cross-complaint mentions the application just once in passing and makes no reference at all to the addendum. Rather, the cross-complaint only alleges that Elizarov released all buyer's contingencies before July 31, 2019. These materials were neither extensively referenced nor were documents upon which Elizarov's complaint necessarily relies. *Coto Settlement*, 593 F.3d at 1038; *see also Khoja*, 899 F.3d at 1003 ("For 'extensively' to mean anything under *Ritchie*, it should, ordinarily at least, mean more than once."). The District Court abused its discretion by considering the application and addendum.

For the same reasons, the District Court's incorporation of the "Unison HomeBuyer Conditional Approval Package" and the "Important Information Notice"—which contained the allegedly concealed contractual terms received by Elizarov prior to the closing date—was an abuse of discretion. The cross-complaint did not refer to either document. Nor does the complaint mention any exchanges between Unison and Elizarov from the time of the application to the closing date. *See Ritchie*, 342 F.3d at 908.

Unison says that the cross-complaint "puts these very documents at issue" and that it should not get away with "generically referring to 'earlier discussions' and the 'approval' of [Elizarov's] application" where, in Unison's view, these documents reflect those discussions. The problem with this argument is that these documents fundamentally change the narrative of events as alleged in the cross-complaint and substitute Unison's "own version of events into the [cross-]complaint." *Khoja*, 899 F.3d at 1002. This is a quintessential example of proffering evidence to defend oneself against a plaintiff's allegations. *Id.* at 1002–03.

2.	The District Court dismissed the cross-complaint with prejudice on futility grounds. Reviewing de novo, *see Kroessler v. CVS Health Corp.*, 977 F.3d 803, 807 (9th Cir. 2020), and considering only the purchase agreement, we conclude that the failure to grant leave to amend was in error. Even assuming the agreement contradicts the allegations with respect to the timing of Elizarov's entering the purchase agreement, it is plausible the complaint could be amended in a manner consistent with the prior allegations or the purchase agreement. *See Khoja*, 899 F.3d at 1003 (explaining that assuming the truth of an incorporated document is "improper . . . if such assumptions only serve to dispute facts stated in a well-pleaded complaint").

3.    Unison contends that we may still affirm because the cross-complaint fails to state a claim upon which relief can be granted, even if only the four corners of the complaint are considered.  The District Court did not address this argument, and we decline to do so in the first instance on appeal.  *See Cohen v. ConAgra Brands, Inc.*, 16 F.4th 1283, 1291 (9th Cir. 2021).  Unison may reassert this challenge to the cross-complaint's sufficiency on remand.

**REVERSED AND REMANDED.**