NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 18 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAVID W. STAUFFER, Attorney; LAURA L. STAUFFER,

              Plaintiffs - Appellants,

 v.

JUDITH H. MATARAZZO; STATE OF OREGON COURTS; ANNA K. SORTUN; TONKON TORP GALEN MARMADUKE & BOOTH, LLP; FITBIT, INC.,

              Defendants - Appellees.

No. 24-1091

D.C. No.
3:23-cv-01136-AN

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Adrienne C. Nelson, District Judge, Presiding

Submitted July 14, 2025[**]

Before: HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

Pro se plaintiffs David W. Stauffer and Laura L. Stauffer appeal from the

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

district court's judgment in their 42 U.S.C. § 1983 action regarding their state court lawsuit against defendant Fitbit, Inc. We review de novo dismissals under both the *Rooker-Feldman* doctrine and Rule 12(b)(6) for failure to state a claim. *Benavidez v. City of San Diego*, 993 F.3d 1134, 1141 (9th Cir. 2021). The denial of leave to amend is reviewed for an abuse of discretion. *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1038 (9th Cir. 2004). We affirm.

The district court properly dismissed the Stauffers' Section 1983 claims under the *Rooker-Feldman* doctrine because the claims amounted to a forbidden "de facto appeal" of a state court judgment and were "inextricably intertwined" with that judgment. *Noel v. Hall*, 341 F.3d 1148, 1163–65 (9th Cir. 2003). The Stauffers allege that the defendants collectively deprived them of their Seventh Amendment jury trial right when the state court dismissed their complaint following an arbitration award. The Stauffers now seek, in federal court, reimbursement for $38,688 in medical bills and lost wages, noneconomic and punitive damages against Fitbit to induce it to take its product off the market, and for this court to require Judge Matarazzo to assign the case for a jury trial.

This case plainly falls within the ambit of *Rooker-Feldman*. Here, the Stauffers (1) "assert[] as a legal wrong an allegedly erroneous decision by state court," that is, Judge Matarazzo's decision to dismiss the claims rather than set the matter for a jury trial, and (2) "seek[] relief from a state court judgment based on

that decision" by requesting that this matter be set for trial and that this court award the damages originally sought in state court. *Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007) (quoting *Noel*, 341 F.3d at 1164).[1]

The district court did not abuse its discretion in dismissing the Stauffers' claims with prejudice without granting leave to amend. The district court need not grant leave to amend if the district court "determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Here, the entirety of the complaint is based on the state court's refusal to set the case for a jury trial. The jurisdictional deficiencies go to the heart of the Stauffers' claims and cannot be cured by amendment.

**AFFIRMED.**

---

[1] Pursuant to the Stauffers' request in their opening brief, we take judicial notice of the state court proceedings in *Stauffer v. Fitbit, Inc.*, No. 19CV18956 (Multnomah Cnty. Cir. Ct. 2019). *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (permitting courts to take judicial notice of adjudicative facts admissible under Federal Rule of Evidence 201).