**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

AUG 8 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

IN RE: AMAZON SERVICE FEE
LITIGATION

DENA GRIFFITH, Consol Plaintiff,

        Plaintiff - Appellant,

and

JOY PECZNICK, GIL KAUFMAN,

        Plaintiffs,

  v.

AMAZON.COM, INC., a Delaware
corporation,

        Defendant - Appellee.

No. 24-5176

D.C. No.
2:22-cv-00743-TL

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Tana Lin, District Judge, Presiding

Argued and Submitted July 9, 2025
Seattle, Washington

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: HAWKINS, GRABER, and BENNETT, Circuit Judges.

Dena Griffith appeals the dismissal with prejudice of her complaint alleging claims against Amazon.com, Inc. ("Amazon") for breach of contract, breach of the implied covenant of good faith and fair dealing, and violation of the Washington Consumer Protection Act ("CPA") in this putative class action. We have jurisdiction under 28 U.S.C. § 1291. Reviewing the Rule 12(b)(6) dismissal order de novo, *DeFrancesco v. Robbins*, 136 F.4th 933, 938 (9th Cir. 2025) (per curiam), we affirm.

1. The district court correctly determined that Griffith failed to state a claim for breach of contract. "A breach of contract is actionable only if the contract imposes a duty, the duty is breached, and the breach proximately causes damage to the claimant." *Nw. Indep. Forest Mfrs. v. Dep't of Lab. & Indus.*, 899 P.2d 6, 9 (Wash. Ct. App. 1995). Griffith alleges Amazon breached its Prime membership agreement by discontinuing free delivery on grocery orders from Whole Foods Market. Under the Prime Membership Terms and Conditions, which are attached to the complaint, *see United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003), Amazon is expressly authorized "in its sole discretion" to "add or remove" membership benefits from time to time. Because the contract in question expressly allows the challenged conduct, there was no breach. *See Marquez v. Amazon.com, Inc.*, 69 F.4th 1262, 1270–71 (11th Cir. 2023) (applying Washington law). Any advertisements regarding individual membership benefits cannot override the

2                                                                                          24-5176

express terms of the contract. *See Hearst Commc'ns., Inc. v. Seattle Times Co.*, 115 P.3d 262, 267 (Wash. 2005). And contrary to Griffith's contention, interpreting the contract as allowing Amazon to discontinue one membership benefit does not render the agreement illusory. *See Quadrant Corp. v. Am. States Ins. Co.*, 110 P.3d 733, 743–44 (Wash. 2005).

2. The district court also correctly determined that Griffith failed to state a claim for breach of the implied covenant of good faith and fair dealing. "[I]f a contract gives a party unconditional authority to determine a term, there is no duty of good faith and fair dealing." *Rekhter v. Wash. Dep't of Soc. & Health Servs.*, 323 P.3d 1036, 1044 (Wash. 2014).

3. For similar reasons, the district court correctly determined that the complaint fails to state a claim for violation of the CPA. To state a claim under the CPA, a plaintiff must allege "(1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) affecting the public interest, (4) injury to a person's business or property, and (5) causation." *Panag v. Farmers Ins. Co. of Wash.*, 204 P.3d 885, 889 (Wash. 2009). The complaint fails to allege conduct that had "the capacity to deceive a substantial portion of the public," *Young v. Toyota Motor Sales, U.S.A.*, 472 P.3d 990, 994 (Wash. 2020), or was otherwise "unfair," *Greenberg v. Amazon.com, Inc.*, 553 P.3d 626, 641 (Wash. 2024).

**AFFIRMED.**

3                                                            24-5176