NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 18 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CESARIO VIZCARRA MEDINA,

Plaintiff-Appellant,

v.

PITCHESS DETENTION CENTER
SOUTH FACILITY; et al.,

Defendants-Appellees.

No. 23-55109

D.C. No.
2:19-cv-02921-JAK-ADS

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Argued and Submitted December 2, 2025
Pasadena, California

Before: CALLAHAN, OWENS, and KOH, Circuit Judges.

Plaintiff-Appellant Cesario Vizcarra Medina ("Medina") appeals the district

court's order granting Defendant-Appellee Nurse Nancy Yamasaki's ("Nurse

Yamasaki") motion for judgment on the pleadings as to Medina's claim that Nurse

Yamasaki was deliberately indifferent to his medical needs based on his pretrial

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

status as a sex offender.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's ruling on a motion for judgment on the pleadings. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). In doing so, "[w]e must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Id.* (citing *Turner v. Cook*, 362 F.3d 1219, 1225 (9th Cir. 2004)).

1. Medina argues that the district court erred in granting Nurse Yamasaki's motion for judgment on the pleadings as to his deliberate indifference claim. "[M]edical care claims brought by pretrial detainees . . . 'arise under the Fourteenth Amendment's Due Process Clause'" and are "evaluated under an objective deliberate indifference standard." *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1124–25 (9th Cir. 2018) (quoting *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1069–70 (9th Cir. 2016) (en banc)). Under *Gordon*, "the elements of a pretrial detainee's medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment are: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have

appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries." *Id.* at 1125.

Medina's complaint alleges that he was attacked and raped by other prisoners. The complaint asserts that when he arrived at the medical clinic, Nurse Yamasaki "physically evaluated" him but was deliberately indifferent to his medical needs because she was paying more attention to the sheriff who escorted Medina to the clinic, was not accurately noting all of Medina's injuries, laughed at Medina's allegation that he had been attacked because of his sex offense charges, refused to conduct a sexual assault kit, conspired to cover up Medina's injuries, fabricated reports to hide her misconduct, refused "to order a Doctor's follow up," and refused to conduct an X-ray. Notably though, two categories of documents— an incident report and medical reports—establish that Nurse Yamasaki's medical evaluation did not occur until ten months after Medina had been attacked. The documents show that on the day of the attack, a different nurse at a different facility evaluated Medina. Medina, however, argues that we cannot review the incident report and medical reports because they are not part of the pleadings. We disagree.

As to the incident report, the caption page of Medina's operative complaint, the third amended complaint, explicitly "[a]dopted and [i]ncorporated [b]y

[r]eference" all exhibits from his second amended complaint. The second amended complaint attached the incident report, rendering the incident report part of the pleadings. *See* Fed. R. Civ. P. 10(c); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (noting a court may "consider certain materials" "attached to the complaint" or "incorporated by reference in the complaint" (citation omitted)).

As to the medical reports, Medina's complaint repeatedly asserts that Nurse Yamasaki fabricated reports to cover up the attack and his injuries. Because Medina's complaint "refers extensively" to the medical reports, we may consider them. *See Ritchie*, 342 F.3d at 908 ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document . . . ." (citation omitted)). The fact that Medina alleges the medical reports include fabrications is not pertinent to the fact that Nurse Yamasaki did not evaluate him until ten months after the attack. Medina never alleged that the medical reports misrepresented when he was treated or by which nurse he was treated. Moreover, "[w]e are not . . . required to accept as true allegations that contradict exhibits attached to the Complaint." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (citation omitted).

Taken together, Medina's allegations do not satisfy *Gordon*'s requirements for a medical care claim. Nurse Yamasaki's incomplete notes and lack of medical tests do not show that she placed Medina at substantial risk of suffering serious

harm given that ten months had passed since Medina was attacked. Moreover, Medina does not specify how Nurse Yamasaki caused further injury to him when she treated him for injuries sustained nearly a year before.

2.    Medina argues that even if his complaint failed to allege deliberate indifference, the district court abused its discretion by declining to provide leave to amend. Yet the district court had numerous reasons to deny leave to amend, including that Medina had already filed three versions of his complaint, the district court had twice pointed out deficiencies with the deliberate indifference claim, Medina's opposition to the motion for judgment on the pleadings did not request leave to amend, and his opposition did not mention additional allegations that could have remedied his complaint.

3.    Medina also requests that we vacate the district court's grant of summary judgment for equitable and procedural reasons. However, in advancing this argument, Medina assumes he has successfully established deliberate indifference by Nurse Yamasaki. He has not. We therefore decline to disturb the district court's summary judgment ruling.

**AFFIRMED.**