**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOVITA G. MARQUEZ,<br><br>　　　　Plaintiff-Appellant,<br><br>　v.<br><br>SELECT PORTFOLIO SERVICING,<br>INC.; et al.,<br><br>　　　　Defendants-Appellees. | No.　17-15747<br><br>D.C. No. 3:16-cv-03012-EMC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Submitted September 10, 2018[**]
San Francisco, California

Before:　WALLACE, RAWLINSON, and WATFORD, Circuit Judges.

**1.**　The district court did not err in dismissing Jovita G. Marquez's first, second, third, fifth, and sixth claims.　Each of those claims is premised on alleged fraud with respect to the origination and assignments of the loan and deed of trust,

---

　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision without oral argument.　*See* Fed. R. App. P. 34(a)(2).

and each falls outside the applicable three-year statute of limitations for fraud claims. *See* Cal. Civ. Proc. Code § 338(d). Marquez's arguments on appeal for tolling the statute of limitations are unavailing. She contends that she did not have a "complete" cause of action until she was injured by the foreclosure sale in 2016, but that injury was the result of her failure to repay the loan, not the alleged fraud. She also argues that defendants' concealment of the loan's funding arrangement justifies delayed accrual of her claim. To succeed on that argument, she would have to allege that she could not have discovered through diligent investigation the facts underlying the alleged fraud until three years before she brought her action. *See Fox v. Ethicon Endo-Surgery, Inc.*, 110 P.3d 914, 920–21 (Cal. 2005). The operative complaint contains no such allegations.

**2.** The district court properly dismissed Marquez's one remaining claim—for breach of contract—for failure to state a claim. Under California law, "performance by the plaintiff or excuse for nonperformance" is a necessary element for a breach of contract claim. *First Commercial Mortg. Co. v. Reece*, 108 Cal. Rptr. 2d 23, 33 (Ct. App. 2001). Marquez cannot satisfy this element because she nowhere alleges that she made the payments required of her under the deed of trust. Defendants' alleged failure to comply with certain notice requirements in the

notice of default cannot excuse Marquez's failure leading up to that point to make payments on the loan, despite receiving the benefit of the loan agreement.

**3.** Marquez argues that the district court erred in taking judicial notice of various documents setting forth the record chain of title for the property. But the only documents necessary to the court's decision—the deed of trust and the two assignments—were also attached to the complaint. The order dismissing the complaint thus properly relied on the allegations in the complaint and the documents attached to it. *See United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003).

**4.** Finally, Marquez argues that defendants violated her due process rights under the Fourteenth Amendment. This claim was not raised in the district court and is therefore forfeited. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009). Even if it had been raised in the district court, the claim would fail because "California's nonjudicial foreclosure procedure does not constitute state action and is therefore immune from the procedural due process requirements of the federal Constitution." *Garfinkle v. Superior Court*, 578 P.2d 925, 933 (Cal. 1978) (in bank); *see also Apao v. Bank of New York*, 324 F.3d 1091, 1094–95 (9th Cir. 2003).

**AFFIRMED.**