Honorable Rosemary Márquez, United States District Judge
Pending before the Court is Defendant Life Insurance Company of North America, d/b/a Cigna Group Insurance's Motion to Dismiss. (Doc. 9.) Plaintiff Vicki Greiff filed a combined Response/Motion to Amend. (Doc. 19.)[1] Both the Motion to Dismiss and Motion to Amend are fully briefed. (Docs. 22, 25.)[2]
Plaintiff seeks benefits under a long-term disability plan ("the Plan") governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). In its Motion to Dismiss, Defendant argues that Plaintiff's Complaint should be dismissed *1113 under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff failed to exhaust the administrative remedies imposed by the Plan. Plaintiff argues that the Plan did not require exhaustion of administrative remedies, and she seeks to amend her Complaint to add further allegations concerning the issue of administrative exhaustion.
....
I. Defendant's Motion to Dismiss
A. Legal Standard
To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal , 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly , 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ). All well-pleaded factual allegations of the complaint must be accepted as true, although the same does not apply to legal conclusions couched as factual allegations. Id. at 678-79, 129 S.Ct. 1937. The court ordinarily may not consider evidence outside the pleadings in ruling on a Rule 12(b)(6) motion to dismiss. See United States v. Ritchie , 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider certain materials-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment." Id. at 908. A document is considered incorporated by reference into a complaint "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claims." Id.
B. Discussion
A participant or beneficiary of an ERISA plan may bring a civil action under Section 502(a) of ERISA "to recover benefits due to [her] under the terms of [her] plan ...." 29 U.S.C. § 1132(a)(1)(B). ERISA does not explicitly require a participant or beneficiary to exhaust administrative remedies prior to filing suit, but federal courts have held, based on ERISA's text and legislative history, that "an ERISA plaintiff claiming a denial of benefits must avail himself or herself of a plan's own internal review procedures before bringing suit in federal court." Vaught v. Scottsdale Healthcare Corp. Health Plan , 546 F.3d 620, 626 (9th Cir. 2008) (internal quotation omitted). Under Ninth Circuit precedent, ERISA's court-created exhaustion requirement applies only if the relevant plan requires exhaustion. Spinedex Physical Therapy USA Inc. v. United Healthcare of Ariz., Inc. , 770 F.3d 1282, 1299 (9th Cir. 2014). Where plan documents could reasonably be read as making the administrative appeals process optional, exhaustion of administrative remedies is not required. See id. at 1298-99. In determining whether an ERISA plan requires administrative exhaustion, the Plan's terms "should be interpreted in an ordinary and popular sense as would a person of average intelligence and experience." Vaught , 546 F.3d at 628 (internal quotation and alteration omitted).
Defendant argues that the Plan documents make the exhaustion of administrative remedies a mandatory prerequisite to filing a civil action under 29 U.S.C. § 1132(a).[3] In support of this argument, *1114 Defendant relies, first, upon the following language in an Amendatory Rider addressing claim procedures ("Claim Procedures Rider"):
If the claim is denied, in whole or in part, the Insurance Company will provide written notice within the review period. The Insurance Company's written notice will include the following information:
1. The specific reason(s) the claim was denied.
2. Specific reference to the Policy provision(s) on which the denial was based.
3. Any additional information required for the claim to be reconsidered, and the reason this information is necessary.
4. In the case of any claim for a disability benefit: identification of any internal rule, guideline or protocol relied on in making the claim decision, and an explanation of any medically-related exclusion or limitation involved in the decision.
5. A statement regarding the right to appeal the decision, and an explanation of the appeal procedure, including a statement of the right to bring a civil action under Section 502(a) of ERISA if the appeal is denied.
(Doc. 1-2 at 54; see also Doc. 9 at 5-6.)[4] This language does not alert an average claimant that exhaustion of administrative remedies is a mandatory prerequisite to filing a civil action under Section 502(a) of ERISA. First, the language pertains to the Insurance Company's obligations, rather than the claimant's obligations. Second, while it indicates that a claimant has a "right to appeal" a claim denial through the administrative appeal process, telling a claimant that "she has 'a right to' an appeal is not the same as telling a claimant she must appeal or she loses her right to challenge the decision in court." Laura B. v. United Health Grp. Co. , No. 16-cv-01639-JSC, 2017 WL 3670782, at *6 (N.D. Cal. Aug. 25, 2017). A right to appeal is not the same as an obligation to appeal. Third, the language indicates that a claimant has a right to bring a civil action under ERISA § 502(a) if an administrative appeal is denied, but it does not specify that a claimant does not have a right to bring a civil action under any other circumstances. Stating that a claimant has a right to bring a civil action if an administrative appeal is denied does not foreclose the possibility that a claimant also has a right to bring a civil action after waiving her right to an administrative appeal.
Second, Defendant relies upon language in the Claim Procedures Rider appearing under a heading titled "Appeal Procedure for Denied Claims":
Whenever a claim is denied, there is the right to appeal the decision. A written request for appeal must be made to the Insurance Company within 60 days (180 days in the case of any claim for disability benefits) from the date the denial is received. If a request is not made within that time, the right to appeal will have been waived.
(Doc. 1-2 at 55; see also Doc. 9 at 6.) Again, this language could reasonably be read as making the administrative appeal process optional. The language specifies that a claimant waives her right to an administrative appeal of a claim denial if she does not file a written request for appeal within the specified timeframe. However, nothing in this language would alert a reasonable *1115 claimant that waiving the claimant's right to an administrative appeal will preclude the claimant from bringing a civil action under Section 502(a) of ERISA.
Third, Defendant relies upon language contained in a claim denial letter dated July 19, 2018 ("Denial Letter"). (Doc. 9 at 6-7.) The Denial Letter states: "ERISA requires that you go through the Company's administrative appeal review process prior to pursuing any legal action challenging our claim determination." (Doc. 10-1 at 4.) It further states: "You have the right to bring a legal action for benefits under ... ERISA ... following an adverse benefit determination on appeal." (Id. at 5.) Defendant argues, relying upon Vaught , 546 F.3d at 627, that the Denial Letter was incorporated into the ERISA plan because the Claim Procedures Rider states that written notice of a claim denial will include a statement regarding the right to appeal, an explanation of the appeal procedure, and a statement of the right to bring a civil action under Section 502(a) of ERISA if the appeal is denied. Plaintiff argues that the Denial Letter is an extraneous document that cannot modify the Plan. Plaintiff further argues that Vaught has been superseded by Cigna Corp. v. Amara , 563 U.S. 421, 131 S.Ct. 1866, 179 L.Ed.2d 843 (2011), and that-pursuant to Amara and the language of the Plan itself-non-Plan documents cannot alter the parties' rights.
In Vaught , the Ninth Circuit held that a summary plan description was part of the contract between an ERISA plan and plan participants, and that, by stating that the plans' appeal procedures would be described in explanations of benefits ("EOBs"), the summary plan description incorporated by reference an EOB sent to a plan participant. 546 F.3d at 627. In Amara , the Supreme Court held that ERISA plan "summary documents, important as they are, provide communication with beneficiaries about the plan, but ... their statements do not themselves constitute the terms of the plan for purposes of § 502(a)(1)(B)." 563 U.S. at 438, 131 S.Ct. 1866 (emphasis in original). Amara casts doubt on some of the reasoning in Vaught and clearly abrogates the conclusion that statements in a summary plan description constitute the terms of an ERISA plan; however, Amara does not specifically address the issue of whether statements in documents such as claim determination letters can be incorporated by reference into an ERISA plan.
Assuming that the portion of Vaught relied upon by Defendant remains good law, it is still not dispositive of the issue in the present case because it does not discuss the effect of clauses similar to those contained in the Plan at issue. Here, the Plan specifies that "[t]he entire contract will be made up of the Policy, the application of the Employer, a copy of which is attached to the Policy, and the applications, if any, of the Insureds." (Doc. 1-2 at 50.) The Plan also provides that "[n]o change in the Policy will be valid until approved by an executive officer of the Insurance Company," that such "approval must be endorsed on, or attached to, the Policy," and that "[n]o agent may change the Policy ...." (Id. ) These provisions indicate that language in a claim denial letter cannot constitute terms of the Plan merely because the Plan refers to claim denial letters. Claim denial letters are not among the documents that the Plan specifies as being part of the contract. Furthermore, Defendant does not argue and has not shown that the employee who signed Plaintiff's Denial Letter is authorized to make changes to the Plan; therefore, language contained in the Denial Letter cannot alter the Plan.
*1116 Even if the language contained in the Denial Letter constitutes the terms of the Plan, that language still does not clearly state that the Plan requires exhaustion of administrative remedies as a mandatory prerequisite to filing a civil action. The statement regarding the right to bring a legal action under ERISA following an adverse benefit determination on appeal is insufficient for the same reason discussed above: the existence of a right to file suit after the denial of an administrative appeal does not mean that no such right exists in any other circumstance. And although the Denial Letter clearly states that ERISA requires claimants to go through the administrative appeal process prior to pursuing any legal action, it does not clearly state that the Plan contains this requirement . The statement that ERISA requires exhaustion of the administrative appeal process is not a fully accurate description of the law; under Spinedex , ERISA's administrative exhaustion requirement applies only if the ERISA plan itself requires exhaustion of administrative remedies. 770 F.3d at 1299. Where, as in this case, Plan documents could reasonably be read as making the administrative appeal process optional, ERISA does not require administrative exhaustion. Id.[5]
At most, the Plan at issue is ambiguous regarding whether exhaustion of the administrative appeal procedure is required before a claimant can bring a civil action under Section 502(a) of ERISA. The Court "must construe ambiguities in an ERISA plan against the drafter and in favor of the insured." Barnes v. Indep. Auto. Dealers Ass'n of Cal. Health & Welfare Benefit Plan , 64 F.3d 1389, 1393 (9th Cir. 1995). Accordingly, the Court finds that the Plan did not require administrative exhaustion. Defendant's Motion to Dismiss will be denied.
II. Plaintiff's Motion to Amend
In addition to opposing Defendant's Motion to Dismiss, Plaintiff moves for leave to amend her Complaint to add additional allegations concerning the issue of exhaustion of administrative remedies. The Court has already ruled in Plaintiff's favor on the issue of whether the Plan required exhaustion of administrative remedies, and Plaintiff's proposed amendments (see Doc. 19-1 at 2-28) do not affect the Court's analysis or Plaintiff's claims in this matter. Accordingly, Plaintiff's Motion to Amend will be denied as moot.
IT IS ORDERED that Defendant's Motion to Dismiss (Doc. 9) is denied .
IT IS FURTHER ORDERED that Plaintiff's Motion to Amend (Doc. 19) is denied without prejudice as moot .

Plaintiff previously filed a Motion to Stay Briefing and to Conduct Discovery (Doc. 11), which this Court denied (Doc. 18).

The Court finds that the Motions are suitable for decision without oral argument.

As the Court noted in its February 7, 2019 Order (Doc. 18 at 3-4), the Court may consider the Plan documents and the July 19, 2018 denial letter discussed herein without converting Defendant's Motion to Dismiss into a motion for summary judgment, as the documents are either attached to Plaintiff's Complaint or incorporated by reference therein. See Ritchie , 342 F.3d at 908.

All record citations refer to the page numbers generated by the Court's electronic filing system.

Having rejected Defendant's argument that the Denial Letter created a mandatory exhaustion requirement, the Court declines to address Plaintiff's argument that Defendant should be judicially estopped from repudiating arguments made in Sanborn-Alder v. Cigna Group Insurance , 771 F. Supp. 2d 713 (S.D. Tex. 2011).