**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JACK GERSHFELD, individually, and on behalf of a class of similarly situated, | No. 21-55753 |
| Plaintiff-Appellant, | D.C. No. 8:21-cv-00058-CJC-ADS |
| v. | |
| TEAMVIEWER US, INC.; DOES, 1 through 100, inclusive, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted July 11, 2022
Pasadena, California

Before: BENNETT and SUNG, Circuit Judges, and FOOTE,[**] District Judge.

Plaintiff-Appellant Jack Gershfeld challenges the dismissal of his amended

complaint under Federal Rule of Civil Procedure 12(b)(6). Gershfeld alleges

Defendant-Appellee TeamViewer US violated California's Consumer Privacy Act

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Elizabeth E. Foote, United States District Judge for the Western District of Louisiana, sitting by designation.

and Unfair Competition Law when it automatically renewed his software subscription without his consent. On appeal, he contends the district court erred when it considered documents incorporated by reference that were not included with or attached to his complaint. We have jurisdiction under 28 U.S.C. § 1291 and affirm the dismissal.

We review a district court's dismissal for failure to state a claim under a de novo standard of review. *Colony Cove Props., LLC v. City of Carson*, 640 F.3d 948, 955 (9th Cir. 2011). A district court's decision to allow documents to be incorporated by reference is reviewed for abuse of discretion. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).

Generally, a district court is permitted to "look only at the face of the complaint to decide a motion to dismiss." *J.K.J. v. City of San Diego*, 42 F.4th 990, 997 (9th Cir. 2021) (quoting *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002)). However, under the incorporation by reference doctrine, a district court may consider other material as though it had been attached to the complaint itself. *Khoja*, 899 F.3d at 1002. A document can be incorporated by reference if the complaint refers to it extensively or if the document forms the basis of the plaintiff's claims. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *see also Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (explaining the "court may consider evidence on which the complaint 'necessarily relies.'").

2

The district court below did not abuse its discretion in incorporating by reference the exhibits submitted in connection with TeamViewer US's motion to dismiss. The incorporated documents, which set forth the relevant terms and disclosures of the subscription purchase and renewal, form the basis of the transaction Gershfeld challenged in his complaint. Gershfeld's claims necessarily rely on the contents of the exhibits attached by TeamViewer US. The viability of Gershfeld's claims is dependent upon the extent and sufficiency of TeamViewer US's disclosures; as such, the disclosures form the basis of the claims themselves. *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) (though not referenced in complaint, billing agreement was incorporated by reference because its terms were integral to claims in complaint).

In light of the incorporated material, Gershfeld did not plead a plausible claim for a violation of either California's Consumer Privacy Act or its Unfair Competition Law, nor did he plausibly plead a claim for any violation of California's automatic renewal law. Gershfeld was put on notice, both initially and thereafter, of the automatic renewal and the terms thereof; he was informed of the software subscription price, the price increase upon renewal, the cancellation policy, and the cancellation process. Gershfeld consented to the terms of the purchase, which were presented in a clear and conspicuous manner, and authorized TeamViewer US to renew his software subscription automatically.

The district court did not improperly weigh conflicting evidence or make any credibility findings in favor of TeamViewer US.

Finally, we agree with the district court's denial of leave to amend, a decision which "is proper if it is clear that the complaint could not be saved by amendment." *Somers v. Apple, Inc.*, 729 F.3d 953, 960 (9th Cir. 2013) (quoting *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008)).

**AFFIRMED**.