NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 15 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LEROY DOOLEY, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> NEVADA GOLD MINES, LLC, <br><br> Defendant - Appellee. | Nos. 23-3686, 24-3241 <br><br> D.C. No. 3:21-cv-00126-LRH-CSD <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted April 11, 2025[**]
Pasadena, California

Before: BADE and SUNG, Circuit Judges, and SIMON, District Judge.[***]

LeRoy Edward Dooley appeals the district court's order granting summary

judgment to his former employer Nevada Gold Mines ("NGM") on his

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Michael H. Simon, United States District Judge for the District of Oregon, sitting by designation.

discrimination claims under federal and state disability law. Dooley also appeals the district court's overruling of his objections to a magistrate judge's protective order and denying his motion to retax costs. We have jurisdiction under 28 U.S.C. § 1291 and affirm each order in full.

1. We review the district court's grant of summary judgment de novo. *Anthony v. Trax Int'l Corp.*, 955 F.3d 1123, 1127 (9th Cir. 2020) (quoting *Cohen v. City of Culver City*, 754 F.3d 690, 694 (9th Cir. 2014)). Drawing "all reasonable inferences in the light most favorable to the non-moving party," we must determine whether "there are any genuine issues of material fact." *Id.* (quoting *Cohen*, 754 F.3d at 694). For a factual issue to be "genuine," "there must be evidence such that a reasonable jury could reach a verdict in favor of the nonmoving party." *Summers v. Teichert & Son, Inc.*, 127 F.3d 1150, 1152 (9th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

After returning from disability leave, Dooley sought to return to his former position of Process Maintenance Tech 6 ("Tech 6") at one of NGM's ore-processing facilities. To survive summary judgment on his Americans with Disabilities Act ("ADA") claims, Dooley must make a sufficient showing that he is a "qualified individual," 42 U.S.C. § 12112(a), meaning that he could perform the "essential functions" of his position, "with or without reasonable accommodation," 42 U.S.C. § 12111(8). *See Samper v. Providence St. Vincent Med. Ctr.*, 675 F.3d

2

1233, 1237 (9th Cir. 2012) (failure to accommodate claim); *Humphrey v. Mem'l Hosps. Ass'n*, 239 F.3d 1128, 1133 (9th Cir. 2001) (wrongful termination claim). The district court correctly held that Dooley failed to introduce sufficient evidence to create a genuine issue of material fact as to whether he was a qualified individual within the meaning of the ADA.

As an initial matter, Dooley does not meaningfully challenge the district court's finding that an essential function of a Tech 6 was to perform various mechanical repairs listed on the job description (i.e., the "maintenance functions"), some of which involve heavy-duty physical requirements. Although Dooley has presented evidence that each Tech 6 had a different primary assignment, viewing the evidence in the light most favorable to Dooley, there is no genuine dispute that NGM "actually require[d] all" Tech 6 employees to perform repairs at least some of the time. *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 991–92 (9th Cir. 2007) (en banc) (citation omitted). Thus, performing the repair duties listed on the job description was an essential function of the Tech 6 job. *See also Dep't of Fair Emp. & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 744 n.18 (9th Cir. 2011) ("[The employer's] written job description, supported by numerous employee accounts, can be relied upon to establish the essential functions of the . . . position, regardless of what [the employee's] individual experience in that position may have entailed.").

There is also no genuine dispute that, at the time of his termination, Dooley could not perform a Tech 6's repair duties without accommodation. In Dooley's return-to-work form, his doctor indicated he could not lift more than ten pounds, carry more than fifteen pounds, bend, squat, or twist. But to perform repairs on ore-processing equipment, a Tech 6 must lift and carry up to sixty pounds, frequently twist, and occasionally stoop, kneel, and crawl. Dooley's bare assertion that he could exceed the limits in his return-to-work form is insufficient to create a genuine dispute of material fact because he "provide[d] no evidence" that he was more physically capable than his doctor's assessment "at the time of his termination." *Dark v. Curry County*, 451 F.3d 1078, 1087 (9th Cir. 2006).

Additionally, Dooley failed to produce evidence to create a genuine issue as to whether any of his proposed accommodations were reasonable. First, Dooley contends NGM could have restructured his position to eliminate the repair duties. Although job restructuring is a form of reasonable accommodation under the ADA, *see* 42 U.S.C. § 12111(9)(B), an employer is not required "to exempt an employee from performing essential functions or to reallocate essential functions to other employees." *Dark*, 451 F.3d at 1089. Because, as discussed earlier, there is no genuine dispute that performing repairs was an essential function of Dooley's position, NGM was not required to exempt him from that function. For the same reason, Dooley's request for a reduced schedule fails because Dooley would have

4

had the same physical restrictions even on a reduced schedule, thus requiring NGM to exempt him from the repair duties.

Second, Dooley argues NGM could have allowed him to use assistive equipment that was already in the workplace, such as cranes, forklifts, and dollies, to accommodate his restrictions. Although providing equipment may be a reasonable accommodation, *see* 42 U.S.C. § 12111(9)(B), Dooley produced no evidence that he could operate such assistive equipment in light of his restrictions.

Third, Dooley argues that he was denied reassignment. "[R]eassignment to a vacant position" may be a reasonable accommodation, 42 U.S.C. § 12111(9)(B), but "an existing position must be vacant: there is no duty to create a new position for the disabled employee." *Wellington v. Lyon Cnty. Sch. Dist.*, 187 F.3d 1150, 1155 (9th Cir. 1999) (citation omitted). Dooley contends he was denied reassignment to a lab position in April 2018, but he has presented no evidence of that opening in December 2018, when he was released to work and allegedly discriminated against. *Cf. Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1112 (9th Cir. 2000) (holding that "one must be able to perform the essential functions of employment *at the time that one is discriminated against* in order to bring suit" under the ADA (emphasis added)); *see also Anthony*, 955 F.3d at 1129 (citation omitted). As for positions that were actually available in December 2018, it is undisputed that Dooley turned them down.

Finally, Dooley contends NGM failed to provide him with additional leave. There is no dispute that NGM provided Dooley with paid disability leave for over a year, with two extensions. Thus, Dooley needed to introduce some evidence showing that *additional* leave would have been reasonable. *See Humphrey*, 239 F.3d at 1136. He did not. Dooley introduced no evidence showing that more time would have allowed him to heal and "plausibly have enabled [him] adequately to perform [his] job." *Id.*; *see also Lucent Techs*, 642 F.3d at 744 ("[A]n employer's duty to reasonably accommodate a disabled employee does not require the employer to wait indefinitely for an employee's medical condition to be corrected." (internal quotation marks and citation omitted)). Instead, his doctor indicated that Dooley's restrictions were permanent. Dooley argues additional leave would have allowed him time to "bid on positions that would come open," but he has presented no evidence—not even an affidavit—of positions that became available "within a reasonable period" of his termination. *Cf. Dark*, 451 F.3d at 1089–90 (holding that a genuine dispute existed as to whether employee could have been accommodated through reassignment where employee presented an affidavit stating that "certain positions have become available since his termination" (quotation marks omitted)).

Dooley also failed to present sufficient evidence to create a genuine dispute as to whether NGM engaged in the interactive process in good faith. *See Garcia v.*

6

*Salvation Army*, 918 F.3d 997, 1010 (9th Cir. 2019) (holding that employer satisfied duty to engage in interactive process where "each step of the way, the [employer] extended Garcia's leave," which was the "only accommodation requested by Garcia and documented by her physician"). Dooley's inconsistent and uncorroborated testimony fails to create a genuine issue as to whether NGM maintained an invalid "100% healed" policy. *See Dubois v. Ass'n of Apartment Owners of 2987 Kalakaua*, 453 F.3d 1175, 1180 (9th Cir. 2006).

In summary, because Dooley failed to present more than "a scintilla of evidence" tending to show that he is "qualified" under the ADA, *Anderson*, 477 U.S. at 252, summary judgment was appropriate on both the federal and state law claims. *See Anthony*, 955 F.3d at 1134; *Littlefield v. Nevada, ex. rel. Dep't of Pub. Safety*, 195 F. Supp. 3d 1147, 1152 (D. Nev. 2016) ("Nevada courts apply the ADA approach to plaintiff's state law claims.").

2. We affirm the district court's order upholding the magistrate judge's protective order removing topics 10 through 30 from Dooley's deposition notice. The notice at issue contained thirty topics about which Dooley wished to depose NGM's corporate representative pursuant to Federal Rule of Civil Procedure 30(b)(6). Topics 10 through 16 sought NGM's "knowledge, opinions, positions, and subjective beliefs" regarding certain complaint allegations that NGM had

7

denied, while topics 17 through 30 sought the "facts and circumstances underlying" several of NGM's affirmative defenses.

A "district court's denial of a motion to reconsider a magistrate judge's pretrial discovery order under Federal Rule of Civil Procedure 72(a) will be reversed only if 'clearly erroneous or contrary to law.'" *Mavrix Photographs, LLC v. Livejournal, Inc.*, 873 F.3d 1045, 1051 (9th Cir. 2017) (quoting *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004)). The district court did not err by affirming the magistrate judge's protective order on the basis that the information Dooley sought in topics 10 through 30 would be more "appropriately addressed through the use of contention interrogatories." *See* Fed. R. Civ. P. 26(c)(1)(C) (giving trial court ability to "prescrib[e] a discovery method other than the one selected by the party seeking discovery" if the court finds "good cause" for doing so). The district court also did not err by finding that the magistrate judge applied the correct specificity standard to Dooley's deposition notice. Because the district court's order was neither "clearly erroneous [n]or contrary to law," we affirm. *Mavrix Photographs*, 873 F.3d at 1051 (citation omitted).

3. The district court did not abuse its discretion in awarding costs to NGM, the prevailing party, and denying Dooley's motion to retax costs. Federal Rule of Civil Procedure 54(d) creates a presumption in favor of awarding costs to a prevailing party, and we "assume [the district court] acted based on that

8

presumption." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944–45 (9th Cir. 2003). Although "a district court abuses its discretion by failing to conclude that the presumption has been rebutted" in "the rare occasion where severe injustice will result from an award of costs," *id.* at 945, Dooley has not shown that such injustice will result here.

**AFFIRMED.**[1]

---

[1] Because Dooley's signed declaration was "not filed with the district court or admitted into evidence by that court," *Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir. 1988), we **GRANT** NGM's motion to strike the signature page of Dooley's declaration. *See Lowry v. Barnhart*, 329 F.3d 1019, 1024–25 (9th Cir. 2003). Additionally, like the district court, we do not consider Dooley's unsworn declaration for summary judgment purposes because it does not comply with 28 U.S.C. § 1746. *See United States v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003); *see also* Fed. R. Civ. P. 56(c)(4).