**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JACQUELYN MILLER, | No. 23-55717 |
| Plaintiff-Appellant, | D.C. No. 2:21-cv-09551-SSS-AS |
| v. | |
| DYLAN FARRIS, TUSD Chief Personnel Officer of Human Resources; KEITH BUTLER, TUSD Chief Business Officer of the Business Office; JEREMY GERSON, Vice President of the TUSD Board of Education; JAMES HAN, President of the Board; BETTY LIEU, Member of the Board; ANIL MUHAMMED, Member of the Board; JAMES PARK, Clerk of the Board; TIMOTHY STOWE, Superintendent of TUSD, | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| UNKNOWN; TORRANCE UNIFIED SCHOOL DISTRICT, | |
| Defendants. | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Central District of California
Sunshine Suzanne Sykes, District Judge, Presiding

Submitted October 16, 2025 [**]

Before: O'SCANNLAIN, SILVERMAN, and N.R. SMITH, Circuit Judges.

Plaintiff Jacquelyn Miller appeals the district court's Rule 12(b)(6) dismissal of her Fourth Amended Complaint alleging civil rights and state law claims. Plaintiff's claims arise out of the defendants' implementation of the 2021 California Department of Public Health order requiring that schools verify the COVID-19 vaccination status of all school workers. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the dismissal de novo and denial of leave to amend for an abuse of discretion. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040-41 (9th Cir. 2011). We affirm.

Contrary to plaintiff's belief, both the district judge and magistrate judge preside in the same court, the United States District Court for the Central District of California. Neither the assignment to the magistrate judge nor reassignment to the district judge was improper.

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Plaintiff argues that she did not consent to proceed before the magistrate judge. However, the magistrate judge's authority to rule on nondispositive pretrial matters and make recommendations "is not contingent on litigant consent." *Anderson v. Woodcreek Venture Ltd.*, 351 F.3d 911, 917 (9th Cir. 2003). The district judge complied with the statute by dismissing the action after conducting a de novo review of the report and recommendation. 28 U.S.C. § 636(b)(1).

Plaintiff argues that the judges were biased. But she has not identified any extrajudicial source of bias. Bias does not exist merely because a judge rules against a party. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999).

The district court properly applied Federal Rule of Civil Procedure 12(b)(6) to dismiss the Fourth Amended Complaint. The district court considered the facts alleged in the complaint and attached documents to be true when it dismissed the Fourth Amended Complaint. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (the court may consider documents attached to the complaint and assume that the contents of documents are true for purposes of Rule 12(b)(6)).

Plaintiff argues that she stated a procedural due process claim by alleging that the defendants did not respond to her concerns about the state policy or provide notice of the consequences of not complying with that policy. However, even if plaintiff identified a protected interest, plaintiff's own allegations and the

3

documents attached to the Fourth Amended Complaint establish that the defendants responded to plaintiff's objections and repeatedly advised plaintiff about the requirements of the policy and the consequences of failing to comply with that policy. The district court was not required to accept as true conclusory allegations that were "contradicted by documents" that plaintiff attached to the complaint. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

Plaintiff's equal protection claim failed because she did not identify any other individuals who were similarly-situated in all material respects. *SmileDirectClub, LLC v. Tippins*, 31 F.4th 1110, 1122-23 (9th Cir. 2022) (setting forth the elements of the claim). Plaintiff's conclusory allegations that the defendants violated her rights do not state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (conclusory allegations listing the elements of a claim do not state a plausible claim).

In any event, plaintiff could not establish that the school district's COVID-19 policy was not rationally related to the school district's stated legitimate public interest of protecting the health and safety of its employees and students. *See Health Freedom Defense Fund, Inc. v. Carvalho*, 148 F.4th 1020, 1031-33 (9th Cir. 2025) (en banc).

Plaintiff waived her remaining claims in her opening brief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) (holding that issues not discussed in the body of the opening brief have been waived).

The district court acted within its discretion by dismissing the Fourth Amended Complaint with prejudice. Despite being allowed multiple opportunities to amend, plaintiff failed to allege facts to state plausible claims. The district court had "particularly broad" discretion to deny leave to amend in light of the previous multiple attempts to amend to state a claim. *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (internal quotation marks omitted).

**AFFIRMED.**