NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 21 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARCA OUIDA,<br><br>       Plaintiff - Appellant,<br><br>  v.<br><br>HARBORS HOME HEALTH &<br>HOSPICE; DARLENE GREENAWALT,<br>Chief Executive Officer; MELISSA<br>DHOOGHE, Human Resources<br>Director; JULIETTE ERICKSON, Dr.,<br>M.D., Medical Director; CYNTHIA<br>MINZEY, Chief Executive Officer; JOEL<br>STEPHENS, Former Chief Executive<br>Officer,<br><br>       Defendants - Appellees. | No. 24-3843<br><br>D.C. No.<br>3:23-cv-05356-DGE<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
David G. Estudillo, District Judge, Presiding

Submitted January 21, 2026[**]

Before: PAEZ, BENNETT, and SUNG, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Marca Ouida (Ouida), proceeding pro se, appeals the district court's grant of summary judgment to defendant Harbors Home Health & Hospice (Harbors), as well as individual defendants Darlene Greenawalt, Melissa Dhooghe, Juliette Erickson, Cynthia Minzey, and Joel Stephens (collectively, Defendants). Ouida asserts constitutional, breach of contract, and Title VII, 42 U.S.C. § 2000e *et seq.*, claims, based on allegations that her former employer, Harbors, failed to accommodate her "religious conscience" when instituting its COVID-19 vaccination policy.

We review de novo the district court's grant of summary judgment. *Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 639 (9th Cir. 2003). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

**1.** Ouida argues that the district court failed to consider "[e]vidence in the record" indicating that she communicated her religious objections to COVID-19 vaccination and testing to Harbors, "both orally and in writing." Ouida, however, does not cite or describe any particular evidence to support her argument. On this record, the district court did not err in disregarding facts presented in Ouida's unsworn opposition brief or second amended complaint.[1] Ouida did not certify

---

[1] Furthermore, after noting Ouida's lack of admissible evidence, the district court proceeded to examine her claims on the merits, assuming *arguendo* that her unsworn assertions were admissible. Doing so, the district court found no genuine disputes of material fact.

under penalty of perjury that the factual statements in her opposition to Defendants' summary judgment motion or her second amended complaint were true. And she did not submit a sworn affidavit or any other evidence in support of her opposition. Additionally, her opposition brief and her second amended complaint do not comply or substantially comply with 28 U.S.C. § 1746. *See Commodity Futures Trading Comm'n v. Topworth Int'l, Ltd.*, 205 F.3d 1107, 1112 (9th Cir. 1999), *as amended* (Mar. 23, 2000). Because Ouida failed to provide any evidence in support of her claims, and Defendants' evidence showed that her claims failed as a matter of law, the district court properly granted summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

Ouida's pro se status does not alter the outcome, as the district court was not required to advise her to file admissible evidence in support of her opposition. *See Jacobsen v. Filler*, 790 F.2d 1362, 1366–67 (9th Cir. 1986). Further, Federal Rule of Civil Procedure 56(e)(1) is permissive and does not require the district court to grant Ouida an opportunity to properly support her assertions of fact. *See* Fed. R. Civ. P. 56(e)(1).

**2.** Ouida argues that the district court should have considered four "affidavits" attached to her original complaint because they were incorporated by reference into her second amended complaint. Paragraph 34 of the second amended complaint

alleges that Ouida sent four "Notice[s]" to Defendants prior to filing this action, in an "attempt[] to settle the matter." These documents are not incorporated by reference because Ouida does not "refer[] extensively to" them and they do not "form[] the basis of [Ouida's] claim[s]." *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (internal citations omitted). Even if these documents were incorporated by reference and considered as sworn declarations, they do not contain any evidence that Ouida informed Harbors of her religious belief and its conflict with an employment duty. *See Heller v. EBB Auto Co.*, 8 F.3d 1433, 1438 (9th Cir. 1993).

**3.** The district court did not err in considering Defendants' declarations signed by Peter Montine and Melissa Dhooghe. These declarations satisfy the requirements of Federal Rule of Civil Procedure 56(c)(4) and were certified under penalty of perjury.

**4.** Ouida argues that the district court should have granted her request for additional time to conduct discovery under Federal Rule of Civil Procedure 56(d). The district court did not abuse its discretion in denying this request, as Ouida did not satisfy the requirements of Rule 56(d). *See InteliClear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 661–62 (9th Cir. 2020).

     **AFFIRMED.**